Newport and Cincinnati Bridge Company v. R. W. Woolley.

CASE 107—EQUITY—JUNE 29.

# Newport and Cincinnati Bridge Company v. R. W. Woolley.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. A corporation cannot have two domiciles at the same time. It obtains a residence not by its own act, but by the legislative authority which fixes the requisites of residence.

2. The appellant, incorporated and established by an act of the legislature of Ohio, is properly sued as a non-resident.

3. Each of the corporations, viz: the Newport and Cincinnati Bridge Company, established by the laws of Ohio, and the same company, established by the statute of Kentucky, are agents for each other, and each is bound by the act of the other in the transaction of their common business.

4. An employment by the Kentucky corporation of appellee as an attorney binds the Ohio corporation for the payment of a reasonable fee for his services.

T. F. HALLAM FOR APPELLANT.

1. Appellee has shown no just demands against appellant.

2. No authority sustains the remarkable proposition assumed by appellant, that the Kentucky and Ohio corporations are a partnership. (Ind., Cin. & Lafayette R. R. Co. v. Jones, 29 Ind., 466; 4 Bissell, 78; 22 N. Y., 278; 1 Black, 286; 28 Conn., 299; 10 Howard, 392; 1 Wallace, 39; 31 Ohio, 317; 6 Otto, 499; Martin, &c., v. Mobile & Ohio R. R. Co., 7 Bush, 116; 12 Wall., 65; 13 Ib., 270.)

MATTHEWS, RAMSAY & MATTHEWS FOR APPELLANT.

1. There is no proof to show the authority of Hallam to employ the appellee, except that which is to the effect that there was authority to employ him for a contingent fee.

2. Two states may unite in creating one corporation; but when created, it is a citizen in each of the states incorporating it. (13 Wall, 270; 1 Black, 286; 28 Conn., 289; 51 Penn., 228; 13 Wallace, 270; 4 Otto, 444; 5 Ib., 317.)

ISAAC CALDWELL FOR APPELLEE.

1. There is no authority to be found in which it is held that a corporation of one state can become a resident of another, and have two domiciles at the same time.

2. If appellant was not the party who employed appellee as counsel in the "Short Line" suit, then it was not entitled to any of the moneys resulting from that suit.

3. A corporation must dwell in the place of its creation, and cannot migrate to another sovereignty. (Bank of Augusta v. Earl, 13 Peters; 20 Ind., 492; 34 N. Y., 208; 28 Md., 287; 27 Barb., 337; 1 Sumner, 47; 1 Black, 286; Angell & Ames on Corp., 104.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

In the case before us it appears that the states of Kentucky and Ohio each created a corporation, which was given the same name. The object of each was to construct a bridge across the Ohio river, between Newport and Cincinnati. The powers conferred by each state upon its creation are complete; so full, that if either state had not given its corporation any powers, the other would remain invested with full power to construct the bridge to the extent of the territorial jurisdiction of the state which gave it life, but no farther.

The corporation sued in this action is the Newport and Cincinnati Bridge Company, created by the laws of Ohio. It was contended, before answer filed by appellant, that there was no such corporation, and the testimony introduced by it tended to establish that negation; but if no such being exists, and was never given an existence, why resist a judgment against it? Who has a right to appear and defend for it? But it is admitted by the answer there is an artificial person in existence bearing the name of the appellant, created by the laws of Ohio—the disputed question on this head being whether it is a resident of Kentucky or Ohio, or of both. The appellant claims that it is one entity by two laws emanating from different sovereignties, with no joint governmental powers over such a subject.

This seems to be an absurdity, because the law-making power of neither state can bind the other. Kentucky or Ohio has plenary power to create a corporation, but neither can create a part of the elements of a corporation and rely upon the other to complete it, and by this unauthorized marriage of distinct legislative powers, produce a being which has not received its full life from either.

Each legislative power must complete the corporation, or it never can be one, because the completing act of one state is not binding upon the state which began, but failed or refused to complete and give legal existence to the corporation. Otherwise persons who should receive from a state only a part of the powers, but were denied the rest which were necessary to create a corporation, could apply to a foreign state for supplementary legislation, which would authorize the building of railroads and bridges upon our soil, and give to its laws an extra-territorial force — a doctrine that has always been successfully denied among these states, which hold the relation to each other of foreign states in close friendship. The creative power of one state can neither be added to nor subtracted from by another, so as to strengthen or weaken the power of the former in its own territory. And the proposition that two states can jointly create, by partial legislation in each, a corporation which has a complete legal existence in either, must fall to the ground.

These corporations are distinct, controlling the same substance in a joint business, and appellant's residence is alone in Ohio. A corporation cannot have two domiciles or residences at the same time. (Bank of Augusta vs. Earle, 13 Peters, 521.) It obtains a residence not by its own act, but by legal authority which fixes the requisites of residence; and it retains a residence so long as its legal existence lasts in the state

whence it received it.   The appellant was properly sued as a non-resident of Kentucky.   The issues on the merits grow out of the denial by appellant that it employed appellee as its attorney in the suits named in his petition, or that he rendered any services as such for it, or that their value, as alleged, is reasonable.

There is evidence tending to show that appellant, through its attorney, employed the appellee; and the fact that appellee rendered legal services in the identical cases out of which the money garnisheed by appellee and claimed by appellant in this action was obtained by a judgment rendered therein for appellant, is not controverted by the evidence; and appellant must have known this fact so beneficial to itself.   That it willingly received and now demands the fruit of appellee's legal labor, seems to us to be settled by the facts in the record.

Its interest was included in the initial employment of appellee, whether made by the agent of the Kentucky corporation or the agent of appellant, because the subject-matter of those suits about which he was employed belonged jointly to those corporations who had previously entered into a written contract to run the business connected with the use of the bridge.   This is a common purpose, such as partners may engage in; and each is bound by the act of the other in the legitimate prosecution and protection of their joint business as copartners are bound.

Each of those corporations is the agent of the other in the management of their common business; and the employment of appellee by the Kentucky corporation to attend to their joint interest in those cases will sustain a judgment against either for the value of his legal services.

He had the right to sue any or all of the parties for whom he performed the services.   And it is not disputed that the

Kentucky company employed him; that the two companies owned the bridge; run it jointly; and are jointly interested in the subject-matter of the litigation which grew out of the joint transactions connected with the use of the bridge.

It therefore follows, according to the views expressed above, that appellee's employment by the appellant, through its copartner, was consummated even without the appellant's express concurrence. In that state of case the law fixes its obligation. The services and their value have been proven by a decided preponderance of the evidence.

Wherefore, the judgment is affirmed.