(94 South. 598)

EDWARDS v. EARNEST. (6 Div. 682.)

(Supreme Court of Alabama. Oct. 12, 1922. Rehearing Denied Dec. 7, 1922.)

1. **Master and servant** ⊘—332(2)—**Scope of employment of truck driver held for jury.**

Where defendant's truck driver, sent a distance of four blocks to get some tires, got them, and then went out of his way to buy sugar and take it to his mother, and while returning to his employer's place of business, injured plaintiff, *held*, that the question whether, at the time of the accident, he was within the scope of his employment, was for the jury.

2. **Evidence** ⊘—492—**Nonexpert testimony as to speed of automobile admissible.**

Nonexpert testimony as to the speed of an automobile is admissible.

3. **Master and servant** ⊘—330(2)—**Testimony of negligent truck driver held admissible.**

In an action for injuries by a truck, *held* not improper to allow plaintiff to show by the truck driver that the only job then assigned to him was to get tires, the fact being uncontested, and also tending to sustain defendant's theory that the driver had deviated from his employment.

4. **Witnesses** ⊘—268(8)—**Cross-examination of witness as to his recollection of another's testimony at former trial not error.**

Cross-examining a witness as to certain testimony which he heard given by another witness at a previous trial *held* proper, for the purpose of invoking responses designed to reflect upon the accuracy of his statements relating thereto.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action for damages by Venoah Earnest (Tuck) against W. S. Edwards, Jr., doing business as the Edwards Motor Company. From a judgment for the plaintiff, defendant appeals. Affirmed.

Plaintiff's witness C. L. Phillips, who had testified that he saw the accident, was asked, "In your best judgment, how fast was the truck going at the time this boy drove it into her?" The defendant objected, the court overruled the objection, and the witness answered, "I believe he was running something like 25 miles an hour."

The defendant, as a witness, on cross-examination, after testifying that the skirt worn by the plaintiff at the time of the accident "wasn't brought up here" at the last trial; that he did not see the skirt with the marks of the automobile on it, was asked the following question by the plaintiff: "You heard the testimony of Mrs. Earnest before, didn't you?" and "Do you remember hearing this evidence [by the plaintiff, Earnest], 'Were there any marks or signs on your clothes showing how this truck had hit you or whether it ran over you? Yes, sir, the prints of the tires—this is the very skirt that I had on—the prints of the tires was right across this, right across the skirt this way.'" Objections being overruled, the witness answered, "I don't remember."

Charges 17 and 18, refused to the defendant, are as follows:

"17. The court charges the jury that they cannot award the plaintiff any damages for any loss or impairment of the sense of smell."

"18. The court charges the jury that they cannot award the plaintiff any damages for the loss or impairment of the sense of taste."

Stokely, Scrivner & Dominick, of Birmingham, for appellant.

Where a chauffeur goes upon a journey for a purpose of his own with his master's automobile, without the master's knowledge or consent, he is not acting within the line and scope of his employment until he returns the car to his master's place of business, or to its proper place. 115 Me. 268, 98 Atl. 807; 48 Ind. App. 448, 93 N. E. 881; 256 Pa. 55, 100 Atl. 534; 41 Cal. App. 715, 183 Pac. 295; 218 Mass. 258, 105 N. E. 988; (Tex. Civ. App.) 210 S. W. 267; 133 Ark. 327, 202 S. W. 229, L. R. A. 1918D, 115; 168 Mich. 294, 134 N. W. 14, 37 L. R. A. (N. S.) 834; 75 N. H. 111, 71 Atl. 535, 21 L. R. A. (N. S.) 93, 139 Am. St. Rep. 670; 192 Mich. 624, 159 N. W. 316; (Tex. Civ. App.) 189 S. W. 85. The chauffeur, when within one block of his master's place of business, having gone upon an independent journey for the purpose of delivering some sugar to his mother, at her home eight blocks away, by the route traveled, this was an independent journey for a purpose in no wise connected with his employment, and cannot be minimized to a mere detour, which was slight and unusual. 205 Ala. 130, 87 South. 18; 45 Conn. 44, 29 Am. Rep. 635; 169 Ky. 1, 183 S. W. 217, Ann. Cas. 1917D, 1003; 130 Minn. 412, 153 N. W. 753; (C. C.) 152 Fed. 481; 163 Ky. 770, 174 S. W. 790; 33 R. I. 531, 82 Atl. 388; 119 Va. 429, 89 S. E. 876; 167 Wis. 458, 167 N. W. 736; 178 Mass. 378, 59 N. E. 1038, 86 Am. St. Rep. 490; authorities supra.

Black & Harris, of Birmingham, for appellee.

The question was properly decided on former appeal. 206 Ala. 1, 89 South. 729.

This appeal was submitted under rule 46, Supreme Court Practice (178 Ala. xix, 65

South. vii), and the opinion of the court delivered by—

McCLELLAN, J.  This is the second appeal in the course of this litigation.  Edwards v. Earnest (now Tuck) 206 Ala. 1, 89 South 729.  The appellee (plaintiff) was injured by appellant's (defendant's) auto truck while upon a street in the city of Birmingham.  The truck was being driven by Robinson, an employee of appellant.  He was sent by a superior from appellant's place of business to the Perry Supply Company's store to get some auto tires.  Perry's place was approximately three blocks north and one west of appellant's place of business.  He got the tires and put them in the truck.  No directions were given Robinson as to the route he should take to and from the supply company's place.  Instead of returning to appellant's place with the tires he had put in the truck by one of the three more direct routes, and, without the knowledge or consent of appellant or other superior, Robinson went south about four blocks from Perry's to the Hill Grocery Company, where he made a purchase of sugar and then proceeded further south five blocks and one block east to deliver the sugar at the home of his mother.  After delivering the sugar he started back north to appellant's place, and when about half way thereto appellee was run into and injured.  The tires procured at Perry's were in the truck throughout the journey, and the injury declared on occurred as the driver was returning to appellant's place after the wholly unauthorized excursion to buy and deliver the sugar.

[1]  On former appeal the division of this court considering the cause held that the material inquiry whether Robinson was engaged in his master's service—acting within the line and scope of his employment—when the injury was inflicted was an issue of fact to be determined by the jury under the particular circumstances to which the conclusion was restricted, in effect, that whether the detour taken, for the driver's personal purpose stated, operated a suspension of his relation to his employer, because an entire departure from the line and scope of his employment, was an inquiry of fact that could not be determined by the court as a matter of law.  It is now again contended with great earnestness and force that the previous pronouncement is erroneous; that in the substantially similar circumstances shown it should be now decided that, as a matter of law, the driver's departure from the course of travel, for the purpose stated, effected to suspend his relation to his employer, and that the relation had not been resumed at the time plaintiff's injury occurred.  The court is not convinced that the former conclusion was erroneous.

If, without purchasing and delivering the sugar, the driver had taken the route he did take, it could not be seriously contended that his detour effected, as a matter of law, to suspend his relation to the appellant in whose service he was actually throughout engaged in transporting the tires from the Perry Supply Company to the point, en route to appellant's place, where plaintiff's injury occurred.  The fact that this detour was made to serve the driver's own purpose—a purpose wholly unauthorized by appellant—did not itself conclusively operate to neutralize the effect of the established fact that, throughout the entire movement of the truck from Perry's place to the scene of the injury, the employee was engaged in transporting the tires for which he was sent.  Notwithstanding the unauthorized detour, relatively great as it was from a route the employee would undoubtedly have taken but for his purpose to serve his own interest, the fact remained that throughout the movement from Perry's place, with the tires in the truck, the employee was serving, though disobediently in the course pursued, the object of his superior's direction to bring the tires from Perry's to appellant's place of business.  In the court's oral charge, general in terms it is true, and in special instructions given the jury at appellant's instance, this important feature of the material issues in the cause was satisfactorily submitted to the jury's solution.  It would, under the evidence, have involved invasion of the jury's province to have instructed the jury, as appellant sought to have done, either that the driver's conduct and course had effected to suspend his relation to his employer at any time between Perry's place, where he loaded the tires, and the point where plaintiff was injured, or that his relation to his employment had not been resumed until his route intersected the more immediate route he would or should have taken in going from Perry's to the appellant's place of business.  Such instructions would have erroneously restricted the appropriate issue without according due effect to the established fact that, throughout the detour, the driver was engaged in transporting the tires for which he was sent, notwithstanding the route he pursued, and the personal purpose inspiring that course of movement was unauthorized or was in disobedience to the undefined (to the driver), yet reasonably to be expected, manner of discharge of his duty in the premises.  The case of Dowdell v. Beasley, 205 Ala. 130, 87 South. 18, was discriminated on consideration of the first appeal in this cause.  It might have been discriminated upon the ground that Dowdell's driver was not, after replenishing the gasoline supply for the motor, engaged, as was the case here, in performing, in any way, the duty his employer directed him to perform.

The character and extent of plaintiff's physical injuries, including the asserted loss

or impairment of the senses of taste and smell, were, under the evidence, subjects for the jury's consideration; and the court properly declined to give special instructions withdrawing from the jury such elements of the issue.

[2] There was no error in permitting the witness Phillips to give his opinion of the speed at which the truck was moving on this occasion. Alabama G. S. v. Hall, 105 Ala. 599, 606, 17 South. 176; L. & N. R. Co. v. Rayburn, 198 Ala. 191, 195, 73 South. 461.

[3] Besides being an uncontested fact on the trial, it was manifestly not improper to allow the plaintiff to show by the truck driver that the "only job" then assigned to him was to get the tires and bring them to appellant's place of business. Furthermore, this feature of the testimony was designed to consist with appellant's theory of defense in at least one aspect, viz.: That the employee had abandoned the only line and scope of duty then assigned to him.

[4] There was no error in permitting plaintiff's cross-examination of Mr. Edwards to test the accuracy of his statement that he knew or recalled nothing about the tire marks on the skirt plaintiff said she wore when stricken. One means to this end was to show that the witness had heard plaintiff's testimony on the former trial. Neither the object nor the effect of the two questions to the witness, quoted in assignments 15 and 16, was to establish the fact of marks on the skirt; but, quite differently, to invoke responses designed to reflect upon the accuracy of his statements in that regard.

There being no error in the record, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.