(96 South. 349)

### FORD v. HANKINS. (6 Div. 752.)

(Supreme Court of Alabama. April 5, 1923.)

**1. Municipal corporations 706(6)—Evidence as to license number and record held to raise question for jury as to ownership of auto truck.**

Evidence of the license number and record of an automobile truck which was contradicted by unsatisfactory evidence as to the ownership of the truck *held* to raise a question for the jury as to such ownership.

**2. Trial 194(16)—Instruction that under evidence, if believed, motor truck driver was negligent, held not erroneous.**

In an action for damages growing out of a collision with an automobile truck, where the evidence establishes that the truck in violation of city ordinances failed to carry any lights and in turning into another street to the left failed to keep to the right of the intersection, an instruction, "under the evidence in this case, if the jury believe it, the driver was guilty of negligence," *held* not error, since the violation of the ordinances was negligence per se.

**3. Trial 253(4)—Instruction based on issue of license to truck owner held not erroneous for failure to hypothesize that truck driver was acting for defendant within scope of duty.**

In an action for damages from a collision of plaintiff's automobile with defendant's truck, an instruction concerning the presumption arising from the fact that the truck's license number had been issued to defendant, which did not undertake to state the whole law of the case nor conclude with a finding for plaintiff, *held* not erroneous for failure to hypothesize that the driver of the truck was at the time acting for defendant and within the scope of his assigned duties.

**4. Partnership 218(2)—Instruction denying recovery for automobile collision with truck unless defendant found to be member of partnership owning truck held not error.**

In an action for damages from a collision of plaintiff's automobile with a truck belonging to a transfer company allegedly composed of defendant and another, an instruction requiring as condition of recovery that defendant should be a partner in, or should himself operate, an alleged partnership, was properly denied, as he may have been liable even though there may have been no such partnership.

**5. Trial 253(4)—Instruction pretermitting consideration of count for wantonness to which contributory negligence was no defense properly denied.**

In an action for damages from the collision of an automobile with a truck wherein wantonness of the truck driver was charged, an instruction precluding recovery if plaintiff was contributorily negligent *held* properly denied as pretermitting consideration of the count for wantonness to which contributory negligence was no defense.

**6. Municipal corporations 706(8)—Instruction placing burden of proof on plaintiff held properly denied for failure to discriminate between separate counts of complaint charging wantonness and simple negligence.**

In an action for damages from the collision of an automobile with defendant's truck, an instruction that the burden of proof was on plaintiff, and unless he had established the material averments of his complaint the verdict must be for defendants, *held* properly denied for failure to discriminate between the separate counts of the complaint; it being unnecessary to prove wantonness charged in one count before a recovery for simple negligence charged in another count could be had.

**7. Municipal corporations 706(5)—Evidence held sufficient to warrant inference of wantonness by jury.**

Evidence that a heavy truck in the dark and without lights or signals of approach was, in violation of city ordinances, driven at a high speed from one street into another much-used street and against another vehicle carrying lights, *held* sufficient to authorize the jury in inferring wantonness.

**8. Evidence 317(5)—Evidence as to ownership of automobile truck held hearsay and properly excluded.**

In an action for damages done by an automobile truck owned by a transfer company, testimony by a witness that a third party other than defendant had told him he was running the business and owned it *held* hearsay and properly excluded.

**9. Evidence 317(5)—Testimony by defendant's wife affecting ownership of automobile as based on hearsay.**

In an action for damages done by an automobile truck used by defendant in a transfer business defended on the ground that the business had been sold and defendant was no longer liable for the truck driver's negligence, testimony by defendant's wife that defendant was her agent and had acted for her in the transaction with the alleged owner *held* properly excluded, where the witness disclosed on further examination that she knew only what her husband had told her.

**10. Trial 121(2)—Argument of counsel that defendant in automobile accident had shifted responsibility to irresponsible person held permissible.**

In an action for injuries done by an automobile truck in a collision, defended on the ground that defendant was no longer the owner and not responsible for the driver's negligence, argument of counsel that responsibility had been shifted by defendant "off the shoulders of a responsible man, who had large business interests, * * * onto the shoulders of an irresponsible man, a man that the evidence shows didn't have a copper cent," *held* a permissible statement of counsel's view of the alleged sale.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by William D. Hankins against Charles W. Ford for damages as the result of a collision by the truck of defendant with the automobile of plaintiff. From a judgment for plaintiff, defendant appeals. Affirmed.

Charge 1 given for plaintiff reads:

"If the jury are reasonably satisfied from the evidence that an automobile truck collided with an automobile of plaintiff on a public street in the city of Birmingham, to wit, First avenue, at or near its intersection with Seventy-Fourth street, in the city of Birmingham, Ala., and that the said truck at the time bore the license number 150155, and that upon the record of automobile licenses in the probate judge's office of Jefferson county, Ala., said number appeared as the license number of a certain truck for the year 1921, and that upon said record one of the defendants, to wit, C. W. Ford, appeared as the owner of said truck, then these facts would be presumptive evidence that the said truck was the property of said defendant, and that it was still his property at the time of the collision, and that the person in charge of and operating it was his servant or agent."

The following charges were refused to defendant:

"(6) Gentlemen of the jury, I charge you that if the plaintiff failed to use reasonable and proper care in the management of his car or vehicle in which he was riding at the time of the alleged collision, your verdict must be for the defendants.

"(7) Gentlemen of the jury, I charge you that before you can return a verdict for plaintiff and against the defendant, Chas. W. Ford, you must be reasonably satisfied from all the evidence that he was directly interested as a partner in the alleged firm of the Pan-American Transfer Company, or that he was operating the same himself and as his business, and further that the person in charge of the operation of said truck or vehicle alleged to have caused or occasioned the said injury was, his employee, and further that said person was at the time of the alleged collision acting within the line and scope of the duties of his employment.

"(8) Gentlemen of the jury, I charge you that if you are reasonably satisfied from the evidence that the plaintiff was at the time of the alleged collision guilty of contributory negligence, that is, that he did something, or omitted to do something, which a reasonably prudent man under all the circumstances would have done, or omitted, then you cannot find a verdict for the plaintiff."

"(14) Gentlemen of the jury, I charge you that the burden of proof in this cause is upon the plaintiff, and that unless you are reasonably satisfied from the evidence that the plaintiff established the material averments of his complaint, then your verdict must be for the defendants."

Assignment of error is predicated on the overruling of objection to the following statement of counsel for plaintiff in his argument to the jury:

"I said he shifted it off the shoulders of a responsible man who had large business interests, as the evidence shows that Ford has, onto the shoulders of an irresponsible man, a man that the evidence shows didn't have a copper cent."

Arthur L. Brown, of Birmingham, for appellant.

When Ford sold the truck to Allsop he was under no duty to have the license tag changed. Acts 1911, p. 637, § 8. The trial court erred in excluding the evidence of witness Brown. Nelson v. Howison, 122 Ala. 573, 25 South. 211; Turnley v. Hanna, 82 Ala. 139, 2 South. 483; Larkin v. Baty, 111 Ala. 303, 18 South. 666; Sullivan v. L. & N. R. Co., 115 Ky. 447, 74 S. W. 171, 103 Am. St. Rep. 330; Lotz v. Hanlin, 217 Pa. 339, 66 Atl. 525, 10 L. R. A. (N. S.) 202, 118 Am. St. Rep. 922, 10 Ann. Cas. 731. The remarks of plaintiff's counsel were prejudicial and should have been condemned. B. R., L. & P. Co. v. Drennen, 175 Ala. 347, 57 South. 876, Ann. Cas. 1914C, 1037; Wolffe v. Minnis, 74 Ala. 386; Ala. I. & F. Co. v. Benenante, 11 Ala. App. 644, 66 South. 942; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; 7 Mayf. Dig. 55.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The registration of an automobile license showing a particular person to be the owner is prima face evidence of that ownership and that the person operating same is the agent of the owner. Patterson v. Milligan, 12 Ala. App. 324, 66 South. 914; Howard v. State, 15 Ala. App. 411, 73 South. 559; Penticost v. Massey, 201 Ala. 261, 77 South. 675; Mathews v. A. G. S., 200 Ala. 258, 76 South. 17. Counsel may legitimately argue any evidence in the case or inference therefrom. Windham v. Newton, 200 Ala. 258, 76 South. 24; Lide v. State, 133 Ala. 62, 31 South. 953; Cross v. State, 68 Ala. 484; Sharpe v. State, 193 Ala. 22; Motes v. Bates, 74 Ala. 377.

SAYRE, J. Argument is directed in the first place to defendant's (appellant's) contention that the verdict and judgment were rendered against the great weight of the evidence, and that, for this reason, the motion for a new trial should have been granted. Plaintiff was injured in person and in property by a collision between the automobile he was driving and a truck alleged to be the property of defendant and operated in his service at the time of the collision. Plaintiff's evidence to fasten liability on defendant was found in the fact that the license tag on the truck at the time of the accident, August, 1921, had been issued to defendant for the last three-quarters of the year, and the public record of such license showed no transfer. In Patterson v. Milligan, 12 Ala. App. 324, 66 South. 914, it was held that the evidence stated above raised a

presumption that the truck belonged to defendant, and that case was cited by this court in Penticost v. Massey, 201 Ala. 261, 77 South. 675, where it was further ruled that proof of defendant's ownership of an automobile causing injury was sufficient to authorize the inference that the driver at the time was employed by defendant owner and was acting within the scope of his employment. On the second appeal in the same case (Massey v. Pentecost, 206 Ala. 411, 90 South. 866) this court followed its previous ruling, but held that the presumption thus raised is rebuttable, and that, if the evidence in rebuttal is undisputed, clear, and convincing, the defendant is entitled to the general affirmative charge, properly requested, citing Dowdell v. Beasley, 205 Ala. 130, 87 South. 18.

[1] In the case now under consideration the defense, as to this point, was rested on the testimony of witnesses who deposed that within 30 days before the accident defendant had sold his transfer business and the truck in question to one Allsop, and that Allsop's agent or servant was driving the truck in and about Allsop's business at the time. It will be conceded that this testimony was undisputed save by the intendments of the tag and license record; but that theory of the case was so weighted by circumstances tending to bring it into suspicion and doubt that we feel constrained to say that it was not clear and convincing and to hold that the question of defendant's responsibility was for the jury, and, having been found against defendant, should now be left as the trial court left it. Cobb v. Malone, 92 Ala. 630, 9 South. 738.

Originally, Julia S. Ford and Pan-American Transfer Company, a partnership composed of appellant Charles W. Ford and Julia S. Ford, were joined as parties defendant. The court gave the general charge in favor of defendants other than appellant, at the same time informing the jury that, so far as they were concerned, Charles W. Ford was the only defendant. Thereafter the jury returned a verdict for the plaintiff and assessed his damages. On the motion for a new trial and now on appeal, it was and is argued that the verdict was contrary to the court's instruction; in other words, the verdict is construed as a verdict against all the original defendants. We think the point needs no elaborate statement. The other parties defendant having been eliminated, the case stood before the jury precisely as if Charles W. Ford had all along been the sole defendant. There was no error in the verdict nor in the judgment recorded by the court against Charles W. Ford, and dismissing the other defendants. The verdict and judgment, construed with reference to the rest of the record, are in strict accord.

[2] The court, on plaintiff's request, instructed the jury in the following language:

"Under the evidence in this case, if the jury believe it, the driver of the truck was guilty of negligence."

The defense confined itself to a denial of defendant's responsibility for the act of the driver of the truck, and there was no dispute as to what happened at the time of the accident. An ordinance of the city of Birmingham provides that—

"Any vehicle on turning into another street to the left shall keep to the right of the center of the intersection."

Another requires vehicles of the sort "in motion upon the public streets during the period from one-half hour after sunset to one-half hour before sunrise to carry at least two lighted lamps," etc. Without dispute the evidence showed that the vehicle in question was within the letter and purview of these ordinances and that neither was observed in its operation. The violation of these ordinances was negligence per se, and the court properly so instructed the jury, leaving to them the determination of the credibility of the evidence adduced to establish the facts. Watts v. Montgomery Traction Co., 175 Ala. 102, 57 South. 471.

[3] Charge 1, given for plaintiff, correctly states the law according to the statement we made of it in the outset of this opinion. It does not, however, undertake to state the whole law of the case, does not conclude to a finding for plaintiff, and for this reason it cannot be said to err in omitting to hypothesize that the driver of the truck was at the time acting for defendant and within the line and scope of his assigned duties.

[4] Charge 7 was refused without error because it required as a condition to plaintiff's recovery against the appellant defendant that he should be a partner in, or should himself operate, an alleged partnership; whereas, he may have been liable without reference to such partnership—may have been liable even though there was no such partnership, as no doubt the jury found.

[5] Charge 8 pretermitted consideration of the count for wantonness, to which, of course, contributory negligence was no defense. Like consideration disposes of charge 6, as we have marked it.

[6] Charge 14 should have discriminated between the complaint and the separate counts thereof. To illustrate, the burden of proving the allegations of the count for wantonness—a part of the complaint—as a condition to recovery under the simple negligence count, did not rest on plaintiff. So in respect to charges 15 and 16.

[7] Other charges, requested by defendant and refused by the court, are the general charges as applied to the different counts of

the complaint. As for the charge of wantonness, the evidence for plaintiff tended to show that a heavy truck, in the dark and without lights or signals of approach, was, in violation of an ordinance made for the safety of streets, driven at high speed from one street into another much-used street and against another vehicle carrying lights. From this evidence the jury were authorized to infer wantonness or, of course, mere negligence. These charges were therefore properly refused. And we have heretofore said enough to indicate our opinion that there was no error in overruling the motion for a new trial.

[8] At least a part of the answer of the witness H. L. Brown to the effect that Allsop was running the business and told him (the witness) that he owned it, the latter clause, was hearsay and properly excluded. Barfield v. Evans, 187 Ala. 579, 65 South. 928.

[9] There was no error in excluding the testimony of the witness Julia S. Ford that her husband, defendant appellant, acted as her agent in the transaction with Allsop. The witness disclosed the fact on further examination that she knew only what her husband had told her. The court properly allowed her to state what she did in that connection.

The alleged contract between Allsop and defendant appellant Ford showing the fact and the terms of the sale by Ford to Allsop was in writing, and the writing was the best evidence of it.

[10] The argument of counsel for plaintiff was a permissible statement of his view of the alleged sale to Allsop—a view justified, or to be justified in the mind of the jury, by circumstances of doubt and suspicion tending to bring defendant's version of the case into disrepute.

There was no error to reverse.
Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.