(98 South. 16)

**ROOKS v. SWIFT & CO.** (7 Div. 394.)

(Supreme Court of Alabama. Nov. 8, 1923. Rehearing Denied Nov. 29, 1923.)

1. Appeal and error 997(3)—Scintilla rule applied to giving general affirmative charge, where no motion for new trial.

Where there was no motion for new trial, the scintilla rule of evidence should be applied to the giving of the general affirmative charge.

2. Trial 142, 178—When general affirmative charge should be given and when refused stated.

In determining the propriety of the general affirmative charge, evidence offered by the party against whom it is requested must be accepted as true, and, if there is evidence reasonably affording an inference adverse to the right of recovery by the party asking such general charge, it should not be given.

3. Master and servant 332(2)—Whether automobile driver was in master's service held for jury.

Where an automobile driver, after business hours, was directed by his employer to take the automobile to a garage, the proof as to which of two garages was meant being conflicting, but before doing so he took employer's stenographer home, and thereafter, while pro-

ceeding to the garage, injured plaintiff, whether at the time of the accident he had returned to employer's service was for the jury.

**4. Master and servant ⊙⟶330(1) — Relation presumed from possession of master's automobile.**

A servant's possession of master's automobile and its operation by direction of the master raises a presumption of the relation of master and servant at the time, and casts on master the burden to prove the contrary by undisputed, clear, and convincing evidence.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Barbara Rooks sues Swift & Co. for damages for personal injuries alleged to have resulted from a collision between the automobile or truck of defendant and a buggy in which plaintiff, with two other persons, was riding. From a judgment for defendant, following affirmative instruction, plaintiff appeals. Reversed and remanded.

E. O. McCord & Son, of Gadsden, for appellant.

It was reversible error for the court to give the affirmative charge for defendant. Penticost v. Massey, 201 Ala. 261, 77 South. 675; Id., 202 Ala. 681, 81 South. 637; Jones v. Strickland, 201 Ala. 138, 77 South. 562; Dowdell v. Beasley, 17 Ala. App. 100, 82 South. 40.

David S. Anderson and Dunn & Boyle, all of Birmingham, for appellee.

The owner of an automobile is not liable to one injured by the negligence of the chauffeur while operating the machine without his knowledge or permission, or for a purpose other than that for which he was employed. Dowdell v. Beasley, 205 Ala. 130, 87 South. 18; Jones v. Strickland, 201 Ala. 138, 77 South. 562; Standard Oil Co. v. Douglass, 18 Ala. App. 625, 93 South. 286; Huddy on Auto. 796; Penticost v. Massey, 201 Ala. 261, 77 South. 675; 202 Ala. 681, 81 South. 637.

THOMAS, J. The suit was for personal injury sustained in collision with an automobile. The plaintiff had no direction or control over the driving of the vehicle in which she was a guest at the time of her injury. Birmingham Southern R. Co. v. Harrison, 203 Ala. 284, 82 South. 534.

[1] The record does not show a motion for a new trial, and the scintilla rule of evidence will be applied to the giving of the general affirmative charge. Penticost v. Massey, 202 Ala. 681, 81 South. 637.

[2] In McMillan v. Aiken, 205 Ala. 35, 40, 88 South. 135, rules governing the giving or refusing of such charge are adverted to, and will not be repeated. In determining the propriety of the general affirmative charge, the evidence offered by the party against whom it is requested must be accepted as true; and if there is evidence reasonably affording an inference adverse to the right of recovery by the party asking such general charge, it should not be given. In Jones v. Bell, 201 Ala. 336, 77 South. 998, is contained the declaration that if there is material contradiction between the direct and cross-examination of a witness, this would not warrant the court in disregarding his testimony, since its credibility was for the jury.

Recent authorities of this court dealing with the liability of the master for the negligent acts of the servant in driving the master's automobile or motor truck are Penticost v. Massey, 201 Ala. 261, 77 South. 675; Jones v. Strickland, 201 Ala. 138, 77 South. 562; Penticost v. Massey, 202 Ala. 681, 81 South. 637; Dowdell v. Beasley, 17 Ala. App. 100, 82 South. 40; Id., 203 Ala. 696, 82 South. 893; 205 Ala. 130, 87 South. 18; Ætna Explosives Co. v. Schaeffer, 209 Ala. 77, 95 South. 351; Ford v. Hankins, 209 Ala. 202, 96 South. 349; Bains Motor Co. v. Le Croy, 209 Ala. 345, 96 South. 483.

In Edwards v. Earnest, 208 Ala. 539, 94 South. 598, it was held:

"Where defendant's truck driver, sent a distance of four blocks to get some tires, got them, and then went out of his way to buy sugar and take it to his mother, and, while returning to his employer's place of business, injured plaintiff, *held*, that the question whether, at the time of the accident, he was within the scope of his employment, was for the jury." Headnote 1.

The court, in that case, said:

"The fact that this detour was made to serve the driver's own purpose—a purpose wholly unauthorized by appellant—did not itself conclusively operate to neutralize the effect of the established fact that, throughout the entire movement of the truck from Perry's place to the scene of the injury, the employee was engaged in transporting the tires for which he was sent. Notwithstanding the unauthorized detour, relatively great as it was from a route the employee would undoubtedly have taken but for his purpose to serve his own interest, the fact remained that throughout the movement from Perry's place, with the tires in the truck, the employee was serving, though disobediently in the course pursued, the object of his superior's direction to bring the tires from Perry's to appellant's place of business. * * * It would, under the evidence, have involved invasion of the jury's province to have instructed the jury, as appellant sought to have done, either that the driver's conduct and course had effected to suspend his relation to his employer at any time between Perry's place, where he loaded the tires, and the point where plaintiff was injured, or that his relation to his employment had not been resumed until his route intersected the more immediate

route he would or should have taken in going from Perry's to the appellant's place of business."

In the cases of Penticost v. Massey, and Dowdell v. Beasley, supra, it was declared that proof of defendant's ownership of the automobile causing the injury authorized the rebuttable presumption that the driver at the time was employed by that owner, and was acting within the scope of his employment; that this presumption might be overcome by "undisputed" evidence that is "clear and convincing," and when such is the rebuttal of that presumption "the defendant is entitled to the general affirmative charge properly requested." Ford v. Hankins, 209 Ala. 202, 96 South. 349, 351.

[3] In the instant case the ownership of the car and general agency of the driver are not controverted; the defense being that the agent had gone aside from, or out of the way of, the discharge of the master's business when the collision occurred, with the proximate injury, for which complaint was made.

There was evidence from which the jury might infer that the driver was instructed by his immediate superior to take the car after business closing hours and drive it to the garage; there are divergent inferences that might be drawn from the evidence of two different places or garages where the car was to have been housed for the night. A tendency of defendant's evidence was that its agent directed the car to be taken to Mc-Coy's garage on the date of the accident, which was October 13, 1920; and there was a tendency of evidence introduced by plaintiff that said garage was not erected until December 20 or 21, 1920. There were further divergent inferences that might be drawn from the evidence; if the driver had gone aside from the master's business in carrying its stenographer to her home on the night in question, whether or not he had returned to the master's service (within the rule declared in Edwards v. Earnest, 208 Ala. 539, 94 South. 598), and was proceeding to house the car for the night at the place he had been directed.

[4] The possession of defendant's car, and its operation by its servant by direction of the master, raised the presumption of the relation of master and servant at the time, and cast on defendant the burden to rebut the same by evidence that "is undisputed, clear, and convincing." Ford v. Hankins, 209 Ala. 202, 96 South. 349, 357. The foregoing tendencies of evidence made a jury question under the authorities we have cited. There was error in giving the general affirmative charge for the defendant.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.