.(118 So. 387)

## McCORMACK BROS. MOTOR CAR CO. v. HOLLAND. (6 Div. 94.)

Supreme Court of Alabama. Oct. 18, 1928.

London, Yancey & Brower and J. K. Jackson, all of Birmingham, for appellant.

Altman, Taylor & Koenig, of Birmingham, for appellee.

PER CURIAM. ■ Plaintiff's minor child was struck and injured by an automobile driven by one Beall, who was in the employ of defendant, McCormack Brothers Motor Car Company, as its salesman, and which car was owned by said Motor Car Company. These facts made out a prima facie case that Beall was at the time of the accident acting within the line and scope of his authority. Penticost v. Massey, 201 Ala. 261, 77 So. 675; Massey v. Pentecost, 206 Ala. 411, 90 So. 866; Rooks v. Swift & Co., 210 Ala. 365, 98 So. 16.

■ The presumption thus established, however, is rebuttable, and, if overcome by undisputed evidence, clear and convincing, the defendant is entitled to have been given the affirmative charge with hypothesis as requested. Dowdell v. Beasley, 205 Ala. 130, 87 So. 18; Rooks v. Swift & Co., supra; Massey v. Pentecost, supra; Ford v. Hankins, 209 Ala. 202, 96 So. 349; Alabama Power Co. v. Watts; ante, p. 78, 117 So. 425.

■ Beall's testimony, which is undisputed by any fact or circumstance, is to the effect that he was at the time of the accident on his way to his residence for the purpose of bringing his wife into the city; that the motor car company had not sent him on any such mission nor authorized it, though he was authorized to use the car at any time and was authorized to use it at this time. The accident occurred at 9 o'clock in the morning, which was within the period of his working hours, but Beall's testimony is emphatic and uncontradicted that he was on his way home for a mission of his own, and which had no connection with the business of the motor car company or his duties in relation thereto.

. We are persuaded the case comes squarely within the influence of Dowdell v. Beasley, supra. As said in that case and applicable here, in going on his way to his residence Beall "was presumptively serving himself, and not .his masters, and the evidence does not permit a conjecture, much less an inference," that the journey home had any connection with the business of the Motor Car Company.

We think the court erred in refusing the affirmative charge as requested.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, BOULDIN, and FOSTER, JJ., concur.