(133 So. 256)

JEFFERSON COUNTY BURIAL SOC. et al. v. COTTON.

6 Div. 544.

Supreme Court of Alabama.

Oct. 30, 1930.

Rehearing Denied April 9, 1931.

Erle Pettus, of Birmingham, for appellants.

582

Ewing, Trawick & Clark, of Birmingham, for appellee.

BROWN, J. (after stating the facts as above).

The appellants' major contentions are: (1) That the evidence shows without room for adverse inference that Dowdell, the driver of the ambulance, had stepped aside from the course of his employment in using the car for purposes of his own, and that Cureton had no right or authority, and he was acting wholly without the line and scope of his employment in driving the car at the time and place of the catastrophe; and (2) that the evidence shows without dispute that Cureton was in the employ of the defendant the Bradford Funeral Home, Inc., and that the other defendant was not responsible for his conduct under the doctrine of respondeat superior.

It may be conceded that Dowdell had stepped aside from the line and scope of his employment, but when he left the ambulance for purposes of his own, the evidence afforded inference that it then became the duty of Cureton to take charge of the ambulance and drive it back to the defendant's place of business; that he drove the ambulance west on Eighth avenue to a street intersection, for the purpose of turning it east and driving it to defendant's place of business. The evidence is without dispute that the ambulance was proceeding east when the accident occurred. Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A. L. R. 1387; Rooks v. Swift & Co., 210 Ala. 364, 98 So. 16.

The evidence also made a case for jury decision on the question of whether or not Cureton was an employee of the Jefferson County Burial Society.

Moreover, it is well settled that the legal fiction of distinct corporate existence may be disregarded in a case where a corporation is so organized and controlled, and its affairs are so conducted as to make it merely an in-

strumentality or adjunct of another corporation. 14 C. J. 62, § 25; Joseph R. Foard & Co. v. Maryland, 135 C. C. A. 497, 219 F. 827; McCaskill Co. v. United States, 216 U. S. 504, 30 S. Ct. 386, 54 L. Ed. 590; Newport & Cincinnati Bridge Co. v. R. W. Woolley, 78 Ky. 523.

While as a general rule the legal fiction of distinct corporate entity will be recognized and enforced to protect the corporation in the conduct of its business, the principle should not be carried so far as to enable the corporation to become a vehicle to evade just responsibility. McCaskill v. United States, supra.

Under the evidence this principle was applicable, and presented a question for the jury as to whether the two defendant corporations were the mere "business conduit and alter ego each of the other," or whether or not they were coadventurers and under the same control. Davis v. Alexander, 269 U. S. 114, 46 S. Ct. 34, 70 L. Ed. 186; Berkey v. Third Ave. R. Co., 244 N. Y. 84, 155 N. E. 58, 50 A. L. R. 599 and note page 612.

The affirmative charge in its different forms was refused without error.

Side bar remarks such as here complained of, "You are trying to boost up his testimony," are not to be commended, but it cannot be assumed that such remark affected the integrity of the jury's verdict, especially where the trial court has refused a motion for a new trial.

The other statements of counsel for plaintiff complained of were addressed to the court during the presentation of the evidence, and related to the materiality of facts sought to be established. Such statements were not improper, and were therefore not grounds for a new trial.

We are not of opinion that the court erred in refusing the motion for a new trial.

Construing the statements in the bill of exceptions most strongly against the appellant, it appears that the witness Davis stated as a fact that it was Bradford's ambulance. The trial court so construed his statements, and if counsel for defendant was not satisfied with this view, by cross-examination he could have shown whether or not it was correct.

The witness Dowdell testified: "I had been instructed to bring this ambulance back to the Funeral Home after I had finished my call." And if error intervened in sustaining the plaintiff's objection to the question as to what it was his duty to do after he finished the call, it was clearly without injury.

The objections of the plaintiff to the questions made the basis of assignment of errors 9 and 10 were sustained without error.

Whether or not Cureton had the right to drive the car west on Eighth avenue was not material. The injury occurred while the ambulance was proceeding east toward the funeral home, and under the evidence it was for the jury to say whether or not Cureton was left in charge of the car and had the right to return it to the funeral home after it was abandoned to him by Dowdell.

The appellants, after the trial court had completed the oral charge to the jury, and before the jury retired, reserved several exceptions to certain "specifically designated portions" of the charge, but did not "state the grounds of such exceptions," and "specify and point out wherein or why such parts of such charge are defective or erroneous," as required by rule 4 adopted by the trial court, and made a part of the record on this appeal by the bill of exceptions. Jefferson County Burial Society v. Scott, 218 Ala. 354, 118 So. 644.

For the reason last stated, appellee insists that these several exceptions should not be considered.

The rule invites open controversy between the court and counsel in the presence of the jury after the time for argument has passed and, depending upon the reputation and eminence of counsel, would have a tendency to impair the confidence of the jury in the principles of law given them in the charge by the court. Its clear purpose is to avoid reversals for error committed, unless counsel is able, on the spur of the moment, to state specifically the rule of law violated by the charge.

We are of opinion, therefore, that the rule is not within the bounds of reasonableness essential to its validity. Brown v. McKnight, 216 Ala. 660, 114 So. 40.

We are further of opinion that compliance with the rule established by the decisions of this court, requiring the party in reserving an exception to definitely point out the statement in the oral charge deemed objectionable, is sufficient to direct the attention of the trial court to the point taken by such exception, and is more in consonance with orderly procedure and decorum in the trial of cases. See Birmingham R., L. & P. Co. v. Friedman, 187 Ala. 562, 65 So. 939; Gossett et al. v. Morrow, 187 Ala. 387, 65 So. 826; Ex parte Cowart, 201 Ala. 55, 77 So. 349.

It is well settled by the decisions of this court that, in actions for damages for personal injury or property injury or loss resulting from the operation of an automobile or other vehicle, on a public highway, proof of the ownership of the automobile or vehicle raises a presumption, administrative in purpose and effect, that the person engaged at the time in the operation of the automobile

or vehicle is the agent or servant of the owner and is acting within the line and scope of his employment.

This presumption is rebuttable and may be overcome by countervailing evidence which, when the issue is one of fact for the jury, is sufficient to reasonably satisfy the jury that such is not the case, or, if the issue is one of law for the court, arising by request of the affirmative charge for the defendant, "if the evidence in rebuttal is undisputed, clear, and convincing." Ford v. Hankins, 209 Ala. 202, 96 So. 349, 351; Freeman v. Southern Life & Health Ins. Co. et al., 210 Ala. 459, 98 So. 461; Rooks v. Swift & Co., 210 Ala. 364, 98 So. 16; Tullis v. Blue, 216 Ala. 577, 114 So. 185.

The portion of the oral charge to which exception was reserved and now insisted on, when considered in connection with the charge as a whole, is not affected with reversible error. Here the question was one of fact for the jury, and the two paragraphs (Rec. p. 11) embodying the exceptions conclude with the statement "which evidence must *reasonably satisfy* the jury as to whether or not they were agents." (Italics supplied.)

Nor was reversible error committed in using the word "believes" instead of the words "reasonably satisfied." Birmingham Belt R. Co. v. Nelson, 216 Ala. 149, 112 So. 422.

Charge X, given for the plaintiff, asserts a correct proposition, and was given without error. Tullis v. Blue, supra.

Charge 1B asserts a correct proposition of law, but so far as appears from the record here, there was no statement by counsel to the jury as to the law of the case, nor does it appear that counsel read from books to the court. The charge was abstract and refused without error.

Refused charges 6XY and C were invasive of the province of the jury.

The question put to the defendants' witness Albert Andrews on his direct examination, referring to the deceased's condition shortly before he was stricken, "Did he appear to be drinking, or under the influence of liquor?"—was leading, and the ruling of the Court in respect thereto was free from reversible error.

We have considered all questions presented and argued, and find nothing to warrant a reversal.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.