170 So. 80

## FIRST NAT. BANK OF BRUNDIDGE v. PARKS.

### 4 Div. 252.

Court of Appeals of Alabama.

Oct. 6, 1936.

A. G. Seay, of Troy, and O. S. Lewis, of Dothan, for appellant.

Wilkerson & Brannen, of Troy, for appellee.

BRICKEN, Presiding Judge.

The judgment entry, as shown by the record, is as follows: "Upon the conclusion of the evidence and the argument to the jury, the defendant requested in writing the affirmative charge, and thereupon the court gave the affirmative charge and marked the same, 'Given,' Parks, Judge, and because of said ruling and the giving of said charge and before the jury retired the plaintiff took a non-suit, with Bill of Exceptions."

Appellant filed its suit against Dick Parks to recover upon his endorsement on a note executed by his brother, Ralph Parks, on February 10, 1930, in the sum of $900 payable to appellant.

The endorsement on said note, admittedly signed by Dick Parks, defendant below, is as follows: "In addition to the ordinary contract of endorsement assumed by endorsing this note, each endorser hereof for himself, assumes each and every obligation of said note, and agrees that each and every waiver therein is binding on and is made and hereby assumed by him by this endorsement."

As stated, the defendant, Dick Parks, admitted signing said endorsement, but upon the trial of this case denied liability, for the reason that at the time he signed the endorsement as aforesaid the plaintiff, through its cashier, W. G. Gilmore, who made the transaction for and on behalf of plaintiff, stated to him the bank would not hold him liable. In this connection Dick Parks, the defendant, testified: "I remember writing my name on the back of this note which Ralph Parks gave to the First National Bank on February 10, 1930. I was in the bank one day and Mr. Gilmore handed me this and asked me to write my name on it so it would pass the Bank Examiner. He said, 'We are not holding you responsible, or anything of that kind.' He said, 'It will pass the Bank Examiner without any question.'" Defendant, Dick Parks, further testified: "At the time I signed this endorsement no one was there but Mr. Gilmore and myself."

Witness W. G. Gilmore, the cashier above referred to, testified in response to the following question: "Q. You heard what Dick Parks testified in this case about your telling him that if he would endorse the note that he wouldn't be liable; that you wanted him to endorse it to get by the Bank Examiner; did anything like that happen? Ans. I didn't tell him any such thing." And further, on redirect examination, this witness stated: "I told Mr. Wilkinson (defendant's attorney) that I didn't tell Mr. Parks to endorse that note so that it would get by the Bank Examiner."

As to the statement of defendant above quoted, viz., "At the time I signed this endorsement no one was present but Mr. Gilmore and myself," this witness testified Gus Pierson was also present at the time; and witness Gus Pierson, the bookkeeper for the bank, also testified, "I saw Mr. Dick Parks sign that paper, he signed it in the Bank."

The note and endorsement, the subject matter of this suit, was the second or third renewal of the original note made by Ralph Parks, brother of defendant, to plaintiff. The first note was executed on January 6, 1927, for a loan of $1,313.08. There was evidence tending to show that plaintiff declined to make the original loan upon the security offered by Ralph Parks, the principal; and that Ralph Parks then asked the president of the bank, who was attending to the transaction, if the bank would loan him the money if Mr. Dick

240

Parks would endorse the note, and he told him the bank would. Witness J. T. Ramage, the president, testified that Ralph Parks stated he wanted to borrow about $1,300 from the bank to buy his brother's place and finish paying for it, "and he wanted to give me a second mortgage on this place, and I told him I couldn't do that, and he said: 'Well, if I get Dick to endorse with me, will you let me have it,' and I told him, 'Yes, I will let you have it if he will endorse the note with you,' and later we fixed it up. Dick Parks came to see me, and I had a conversation and made arrangements with him to endorse the note. He said, 'Well, I understand Ralph is going to get some money from you and wants me to endorse with him,' and I said 'yes,' and we went ahead and fixed up the paper. I loaned the money for the bank. Mr. Dick Parks here, endorsed that note, and that was by agreement before I would lend the money to Ralph," etc. All of the foregoing was denied by Dick Parks, the defendant, and he testified he had not endorsed the note under discussion.

There was evidence also to the effect that several payments of interest were made upon the note, the subject of this suit, by Dick Parks, defendant. Dick Parks denied he had made these payments.

The assignment of errors in this case is confined, as stated, to the action of the court in giving the affirmative charge in favor of the defendant.

■ It is elementary that such charge should not be given, where there is conflict in the evidence or where the evidence is open to reasonable inference of a material fact unfavorable to the party requesting the charge. In other words, if there is any evidence which tends to establish the plaintiff's cause, the trial court should not direct the verdict.

■ The above-quoted testimony discloses numerous conflicts in the evidence upon material facts in this case. The evidence in the record also discloses other conflicts unnecessary to set out in detail; as a result, we hold that the assignments of error are well taken and are sustained. For the error in the ruling of the court above indicated, the judgment of the lower court is reversed and the cause remanded. Louisville & Nashville Railroad Co. v. Lancaster, 121 Ala. 471, 25 So. 733; Peters v. Southern Railway Co., 135 Ala. 533, 537, 33 So. 332; White v. Farris, 124 Ala. 461, 470, 27 So. 259; Pollard v. Pollard, 207 Ala. 270, 92 So. 488; Tobler v. Pioneer Min. & Mfg. Co., 166 Ala. 482, 517, 52 So. 86; Shipp et al. v. Shelton, 193 Ala. 658, 69 So. 102; McCormack Harvesting Co. v. Lowe, 151 Ala. 313, 44 So. 47; Mobile, J. & K. C. R. Co. v. Bromberg, 141 Ala. 258, 37 So. 395; Amerson v. Corona Coal & Iron Co., 194 Ala. 175, 69 So. 601; Crandall-Pettee Co. v. Jebeles & Colias Conf. Co., 195 Ala. 152, 69 So. 964; Rooks v. Swift & Co., 210 Ala. 364, 98 So. 16.

Reversed and remanded.