33 So.2d 374

## BRUNER v. EUBANKS.

### 4 Div. 12.

Court of Appeals of Alabama.

Oct. 28, 1947.

Rehearing Denied Nov. 18, 1947.

Oscar L. Tompkins, of Dothan, for appellee.

BRICKEN, Presiding Judge.

Appellee brought suit against appellant to recover damages for personal injuries growing out of a truck accident.

The jury returned a verdict in favor of plaintiff for $300.00 based upon count 2 of the complaint. Said count reads as follows:

"The plaintiff claims of the defendant the like sum of Three Thousand Dollars ($3,-000), damages, for that on, to-wit: September 28, 1945, the plaintiff was a guest of the defendant and riding as such in an automobile truck, the property of the defendant, which said automobile truck was then and there being driven by a servant, agent or employee of the defendant, acting within the line and scope of his authority as such servant, agent or employee, on the public highway in Houston County, Alabama leading from Ashford, Alabama to Gordon, Alabama, at a point about one-half mile east of Ashford, Alabama, between Ashford, Alabama, and Gordon, Alabama, and plaintiff avers that the defendant, then and there acting through and by his servant, agent or employee as aforesaid, wantonly injured said plaintiff by wantonly driving said automobile truck off of said highway, and as a proximate consequence of said wanton conduct the plaintiff who was at the time of said accident still a guest of the defendant and still riding as such in said automobile truck of the defendant, sustained the following injuries: two broken ribs on his left side, contused wounds on his right hip and right chest, and was made sick and sore and suffered great pain.

"Plaintiff further avers that as a proximate result of said wanton conduct he was unable to work for a long time to-wit: more than one month and that he lost more than one month from his work and that the time so lost by him was of the reasonable value of the sum of $100, which said sum of $100 he claims as special damages.

"Plaintiff further avers that on account of the injuries he sustained as a direct and proximate result of defendant's wanton conduct as aforesaid, he had to incur doctor's bills and purchase medicines in the amount of $25, or more, and he claims said sum of $25 as special damages."

This count was amended as follows:

"Comes the plaintiff and after leave first had and obtained of the Court, amends Count Two of the complaint heretofore filed in this cause on the 13th day of October, 1945, by striking from Count Two the following words and figures: 'September 28, 1945' and by inserting in Count Two in lieu of said words and figures so stricken the following words and figures: 'September 8, 1945.' "

The defendant interposed the following pleas:

"(1) The general issue.

"(2) He denies each and every allegation thereof.

"(3) That he is not guilty of the matters alleged therein."

Under the issues thus formed the plaintiff was under the burden to prove to the reasonable satisfaction of the jury, (1) that he was a guest on the truck of the defendant at the time and on the occasion testified to by the witnesses. As to this proposition there was no controversy, the evidence being without dispute. (2) That the

268

truck was being, at that time, operated by an agent, servant, or employee of the defendant, and that as such he was operating the said truck within the line and scope of his employment. (3) That the said operator of the truck was guilty or committed some wanton or willful conduct in and about the operation of the truck which resulted proximately in the injuries sustained by the plaintiff and for which he sued.

The learned trial judge fully and clearly instructed the jury as to the law governing these propositions. In addition to the instructions given to the jury the trial judge could have also instructed them as to the prevailing presumption of law as stated in the case of Ford v. Hankins, 209 Ala. 202, 96 So. 349, 351, where the court said: "Plaintiff was injured in person and in property by a collision between the automobile he was driving and a truck alleged to be the property of defendant and operated in his service at the time of the collision. Plaintiff's evidence to fasten liability on defendant was found in the fact that the license tag on the truck at the time of the accident, August, 1921, had been issued to defendant for the last three-quarters of the year, and the public record of such license showed no transfer. In Patterson v. Milligan, 12 Ala.App. 324, 66 So. 914, it was held that the evidence stated above raised a presumption that the truck belonged to defendant, and that case was cited by this court in Penticost v. Massey, 201 Ala. 261, 77 So. 675, where it was further ruled that proof of defendant's ownership of an automobile causing injury was sufficient to authorize the inference that the driver at the time was employed by defendant owner and was acting within the scope of his employment. On the second appeal in the same case (Massey v. Pentecost, 206 Ala. 411, 90 So. 866) this court followed its previous ruling, but held that the presumption thus raised is rebuttable, and that, if the evidence in rebuttal is undisputed, clear, and convincing, the defendant is entitled to the general affirmative charge, properly requested, citing Dowdell v. Beasley, 205 Ala. 130, 87 So. 18." See also Deaton Truck Line v. Tillman, ante, p. 143, 30 So.2d 584.

Appellant's assignment of error is based upon 9 grounds. Assignments numbered 1, 2, 3, and 4 relate to rulings of the trial court on the evidence, to which no exceptions were reserved. In the absence of exceptions, nothing is presented for review thereon.

The rulings of the court on the giving and refusal of special written charges are so clearly free from error as to need no discussion.

There was no error in the action of the court in overruling and denying defendant's motion for a new trial. The controverted facts were for the jury to consider and determine, to this end the court properly and without error submitted the facts to the jury. In our opinion the evidence was ample to support the verdict of the jury, and to sustain the judgment of the court, from which this appeal was taken.

No errors appearing, the judgment appealed from is due to be affirmed.

Affirmed.