**HOUSTON OIL FIELD MATERIAL COMPANY, Inc. (now by Amendment of Charter: International Systems & Controls Corporation, Inc.), Appellant,**

v.

**R. M. STUARD, Appellee.**

No. 25960.

United States Court of Appeals
Fifth Circuit.

Feb. 11, 1969.

Roland D. Marble, Jackson, Miss., Roger A. Langenheim, Kansas City, Mo., for appellant.

M. B. Montgomery, Jackson, Miss., Tullius Brady, Brookhaven, Miss., for appellee.

Before WISDOM, THORNBERRY and GOLDBERG, Circuit Judges.

THORNBERRY, Circuit Judge:

The Houston Oil Field Material Company (Homco) appeals from a judgment on a $28,000 jury verdict in favor of R. M. Stuard, who served as manager of the company's office in Brookhaven, Mississippi from 1952 until September 1, 1966. On May 13, 1963, appellant gave Stuard a stock option to purchase 1,000 shares of Homco stock at $6 per share, two conditions being that appellee could not exercise his option for at least a year and could not exercise it unless he remained in the company's employ. He attempted to exercise the option in August, 1964 and again in August, 1966, but at both times Homco refused to issue him the stock on the ground that he ceased being a Homco employee after May 1, 1964. This was the date on which Homco leased certain properties, including its assets in Brookhaven, to the firm of Black, Sivalls & Bryson (B, S & B). At the conclusion of the ensuing trial, the jury found that Stuard was still a Homco employee when he attempted to exercise the option and awarded him $28,000, the stipulated value of 1,000 shares of Homco stock an August 9, 1966 less the $6,000 purchase price.

The issue presented on appeal is whether the district court correctly charged the jury. The disputed charge stated in effect that if the jury believed that the lease arrangement between Homco and B, S & B was for the purpose of convenience and policy in carrying on Homco's business and that Stuard's job remained the same as before and there was no understanding between him and the company that his duties or compensation under his original contract of employment would be affected, then the jury should find that he was still a Homco employee when he attempted to exercise the stock option. This charge reflected recognition on the part of the trial judge that there was evidence to support the conclusion that Homco was the alter ego of B, S & B, that the lease arrangement had no substantive effect on the business carried on in Brookhaven, and that the arrangement was not intended to have and did not have any effect on Stuard's employment. At the time of the lease, Homco owned ninety-seven per cent of B, S & B's outstanding common stock and shortly thereafter it acquired the remaining three per cent. B, S & B directors are elected by Homco directors. After the date

of the lease, the office building in Brookhaven continued to carry the Homco name and the telephone listing continued under the Homco name. On the day the lease was executed, Stuard received a telegram from Homco saying that Homco and B, S & B had consolidated operations but that "all Homco personnel will remain in their positions, and employee benefits including hospitalization, insurance and profit sharing will continue unchanged."

Relying on certain evidence in the record, principally on the fact that after May 1, 1964 Stuard was paid with B, S & B checks, appellant contends that as a matter of law Stuard was a B, S & B employee, not a Homco employee, after the date of the lease and therefore was not eligible to exercise the stock option when he tried to exercise it. For this legal proposition, the company cites the master-servant criteria set forth in Texas Company v. Mills, 1934, 171 Miss. 231, 156 So. 866. However, the charge to which the company objects was based not on master-servant principles but on the principle that Homco should not be able to defeat an employee's contractual rights by relying on the fact that, technically speaking, he was employed by a different corporate entity after May 1, 1964 if the evidence would support a finding that the change of employers was more of form than of substance because Homco was the alter ego of B, S & B. The trial judge, in effect, charged the jury that if it viewed the evidence in a certain way, it would be entitled to pierce the corporate veils of the two corporate entities and find that so far as Stuard was concerned there was only one business and one corporate employer during his years as manager of the Brookhaven office. Stated differently, the jury was told that it could look upon the two corporations as one in order to prevent Homco from avoiding its contractual obligation to a third party. This charge was derived from state cases with which the trial judge agreed and with which we agree.

■ ■ One of the cases closely in point is Forest Hill Corporation v. Latter & Blum, 249 Ala. 23, 29 So.2d 298 (1947). There an Alabama corporation retained a Louisiana realty company to purchase land in Louisiana. The land was purchased and conveyed by the realty company to another Louisiana company. The lawsuit arose when the Alabama corporation refused to pay the realtor's commission on the ground that the commission was owed by the company to which the land had been conveyed. Finding that the Alabama corporation was the alter ego of the company to which the land was conveyed, the court held the Alabama corporation liable for the commission. *See also,* Jefferson County Burial Society v. Cotton, 1930, 222 Ala. 578, 133 So. 256; Sands v. Potter, 1896, 165 Ill. 597, 46 N.E. 282.[1]

We hold that the trial court's charge was correct in principle and that there was ample evidence to support the jury finding. The judgment is affirmed.

---

1. The principle that where there is a near identity between two corporations their separate existences can be disregarded in order to prevent injustice to a third party seems to be recognized by nearly all states. *See* 18 C.J.S. § 7(e). Therefore, while we have not been cited to a Mississippi case precisely in point and have found none, we are confident that Mississippi courts would also recognize this principle.

The charge in this case was apparently taken from the one given by the trial court in Sands v. Potter, *supra.* The fact that the trial judge, a member of the Mississippi bar, believed this was the law of Mississippi is to be given special weight. Bernhardt v. Polygraphic Co. of America, 1956, 350 U.S. 198, 204, 76 S.Ct. 273, 277, 100 L.Ed. 199.