**DAVIS, Federal Agent of Railroads, v. ALEXANDER et al.**

No. 14237—Opinion Filed Nov. 6, 1923.

1. **Railroads—Negligence—Liability During Federal Control.**

The Director General of Railroads, while operating the railroads under federal control assumed by the President under Act Aug. 29, 1916, and the Federal Control Act of March 21, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919—3115¾ a—3115 3-4 p.), operated the railroads as a single national system of transportation under a unified head or control, and not as separate companies or systems; and the Director General was responsible for damages sustained through the negligent operation of said railroads during federal control, regardless of what road or roads, in the operation of which such negligence occurred, and without regard to the relation, affiliation, or association of said roads in their corporate capacity.

2. **Same — Nature of Action — Jurisdiction—Process.**

Under the Transportation Act of 1920, an action against the federal agent of railroads for damages, suffered from the operation of railroads under federal control, is an action against the United States, and not against the railroads: and service of process, within the venue provided by Transportation Act of 1920, on the service agent for any of the railroads gives jurisdiction over the federal agent as to all of the railroads in the operation of which during federal control the damages complained of resulted.

3. **Appeal and Error—Harmless Error—Instructions.**

Instructions given which do not affect the substantial rights of a party, although erroneous, will be considered as harmless error, and will not be reviewed by the Supreme Court on appeal.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; Frank Mathews, Assigned Judge.

Action by L. D. Alexander and Frank Griffith against James C. Davis, Agent of the United States Railroad Administration. Judgment for plaintiffs, and defendant brings error. Affirmed.

C. O. Blake, W. R. Blakemore, A. T. Boys, and W. F. Collins, for plaintiff in error.

Suits & Hall, for defendants in error.

Opinion by JARMAN, C. This was an action in the district court of Oklahoma county, by L. D. Alexander and Frank Griffith against James C. Davis, Agent of the United States Railroad Administration, having charge of the Chicago, Rock Island & Pacific Railroad and the Chicago, Rock Island & Gulf Railroad, to recover for loss and damage, sustained during federal control of railroads, to certain cattle shipped over said lines of road from Tucumcari, N. M., to Oklahoma City, Okla. The cause was tried to a jury and a verdict was rendered for the plaintiffs for $1,652.99, and judgment was entered accordingly, from which the defendant brings error.

The plaintiffs were engaged in the business of handling live stock and were contemplating shipping about 560 head of cattle to be placed on the market at Oklahoma City. These cattle were divided into two separate groups, one of which was at Roy, N. M., and the other at Middlewater, N. M. The plaintiffs desired to ship these cattle to Oklahoma City without any delay on the road, and with this in view, took the matter up with a Mr. Peterson, live stock agent for the Chicago, R. I. & P. Railroad Company at Amarillo, Texas, who advised the plaintiffs that he would have to take the matter up with the authorities of the road at El Reno, Okla., and that he would advise the plaintiffs when cars could be supplied and a train furnished to haul the cattle. In a few days Mr. Peterson notified the plaintiffs that the cars could be furnished for the shipment of the cattle on January 3, 1920. and on said date cars were furnished sufficient to take care of the cattle at Roy, N. M., which were loaded out and shipped to Oklahoma City, but there were not enough cars to ship the cattle at Middlewater, N. M. These cattle at Middlewater, being 227 in number, were then driven to Campana, N. M., a town located on the El Paso & S. W. Railroad to be held until cars could be had for shipment of said cattle. The plaintiffs then took up with the agent at Tucumcari, who was the joint agent at that point for the C., R. I. & P. and the E. P & S. W. Railroads, the question of furnishing cars and hauling the cattle to Oklahoma City, and on January 6, 1920, said agent advised the plaintiffs that he would take the matter up with the authorities at El Reno, Okla., and ascertain whether cars could be furnished for the shipment of these cattle and a special train furnished to haul them to Oklahoma City, and advised the plaintiffs further, that if they received notice from him to load the cattle that they would understand and know that the cattle could be hauled out immediately for Oklahoma City, and on the same date said agent notified said plain-

tiffs to load the cattle, and cars were sent by said agent from Tucumcari to Campana for that purpose. The plaintiffs loaded the cattle on January 6th and they were hauled back to Tucumcari that evening at about 6:30, and the agent then advised the plaintiffs that the special train that was to be furnished to haul these cattle from Tucumcari had been annuled. The cattle were then held at Tucumcari until about eight o'clock on the morning of January 7th, when they were hauled to Glenn Reo, which is on the state line between New Mexico and Texas, and arrived there about 9:30 on the morning of January 7th and were there unloaded. and again reloaded in the cars, and left Glenn Reo about sundown on the evening of January 9th and arrived at Amarillo, Texas, about 11:30 p. m., on January 9th and again unloaded, and left Amarillo at midnight on January 10th, arriving at Oklahoma City on January 12th about 8:30 a. m.

The plaintiffs allege that the delay in the shipment of these cattle was unreasonable and by reason of said delay and of the rough treatment of the cattle during shipment, the plaintiffs suffered damages to the extent of $1.751.21.

The line of railroad from Tucumcari to Oklahoma City is a continuous line; from Tucumcari to Glenn Reo, which is on the state line between New Mexico and Texas, it is known as the C., R. I. & P. R. R, and from Glenn Reo to Texola, which is on the state line between Texas and Oklahoma, it is known as the C., R. I. & G. Railroad, and from Texola to Oklahoma City it is known as the C., R. I. & P. Railroad, and these lines of railroad are known as the Rock Island lines, extending from Tucumcari, N. M., on the west to Memphis, Tenn., on the east.

This action was commenced in the district court of Oklahoma county, Okla., on September 17, 1921, and on the same date summons was issued, which was served on September 20, 1921, on R. E. Blake, service agent of the defendant for the C., R. I. & P. R. R. Co.

The defendants contend that the C., R. I. & P. and the C., R. I & G. Railroads were taken over and operated, during the federal control by the United States government, as separate and distinct entities and without any regard to the corporate relationship theretofore existing between said railroads; and that service of summons on the service agent of the C., R. I. & P. Railroad, under the provisions of the Transportation Act of 1920, gave the court jurisdiction of

the defendant only in so far as plaintiffs' cause of action concerned the operation of the C., R. I. & P. Railroad.

The President of the United States, pursuant to the authority vested in him by Act Aug. 29, 1916, took possession of and assumed control over the railroads of the country, including the C., R. I. & P. and the C., R. I. & G. Railroads. On December 28, 1917, the President, by proclamation, appointed William G. McAdoo as Director General of Railroads, and the railroads, after twelve o'clock midnight on December 31, 1917, passed into the hands of and under the control of said Director General. In March, 1918, an act was passed (40 Stat. pg. 451, c. 25) which provided that railroads, while under federal control, should be subject to all laws and liabilities as common carriers, whether arising under state or federal laws or at common law; and the actions at law or suits in equity may be brought against such carriers and judgment rendered as then provided by law. Suits then were brought against the railroads as defendants but on October 28, 1918, the Director General issued general order No. 50, which provided that all suits based on causes of action arising during federal control should be brought against William G. McAdoo, Director General of Railroads. On October 10, 1919, Walker D. Hines was appointed as Director General of Railroads to succeed William G. McAdoo, resigned, and pursuant to authority vested in him, said Walker D. Hines, Director General, issued general order No. 50A, which modified general order No. 50 to the extent that suits based on causes of action arising during federal control should be brought against the Director General of Railroads, instead of the officer designated for that position.

Under Federal Control Act, March 21, 1918, provision was made for compensation to be paid to the owners of the railroads during the time that they should be held, controlled, and operated by the government for war time purposes. After the government assumed control of the railroads, their owners had nothing further to do with the control of said railroads and were not responsible for any damages or loss sustained through the negligent operation of said roads, and no suit could be maintained against them. Hines v. Dahn, 267 Fed. 105; Mo. P. Ry. Co. v. Ault, 256 U. S. 544, 65 L. Ed. 1087.

All of the railroads and systems of railroads of this country were taken over by the United States government and operated under federal control as one grand national

system of railroads, and for the operation of these roads the United States was alone answerable The only connection the owners of these various roads had with them, under federal control, was that they retained their ownership of said roads and were paid by the government for the use thereof. Negligence in operation of said roads was, in law, negligence of the Director General, and an action for damages resulting from such negligence could be maintained against the Director General regardless of what railroad in the operation of which negligence occurred, and without regard as to whether the railroads were related as parts of the same corporate system or that one was the agent or subsidiary line of the other, under corporate control.

In discussing this question, the court, in the case of Globe & Rutgers Fire Ins. Co. v. Hines, Agent, 273 Fed. 774, held:

"The Director General of Railroads, while operating the railroads under federal control assumed by the President under Act Aug. 29, 1916, and the Federal Control Act of March 21, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919—3115 3-4 a-3115 3-4 p), operated the railroads as a single national system of transportation under a unified head or control, and not as separate companies or systems."

Therefore, if the plaintiffs in this case suffered damages by reason of the negligent acts of the Director General in the operation of the railroads under his supervision and control, then the plaintiffs could have maintained an action against the Director General as the head of the national system of railroads for any damages suffered by them by reason of such negligent acts, regardless of what roads, in the operation of which such negligent acts occurred, and it is immaterial whether the different roads, in the operation of which the negligent acts occurred, were related, affiliated, or associated in any manner, in their corporate capacity. So the question as to whether the C., R. I. & G. Railroad, under its corporate management, was a subsidiary company or an agent of the C., R. I. & P. R. R. is immaterial.

On March 1, 1920, federal control of the railroads ceased and said roads were returned to their owners as provided by the act of February 28, 1920, known as the "Transportation Act, 1920." Said act provides and sets apart funds for the adjustment and settlement of all matters and disputes arising out of or incident to federal control of the railroads, and such act provides that suits based on causes of action arising out of the possession, use, or operation by the President of the Railroads under federal control. of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control, be brought against the agent designated by the President for such purpose, who in this case is James C. Davis, the defendant; and provides that the suit may be brought in any court, which but for federal control, would have had jurisdiction of the cause of action had it arisen against such carrier; and also designates the manner in which service of process may be had on the Federal Agent.

Under the Transportation Act, 1920, an action against the Federal Agent of railroads for damages, suffered from the operation of railroads under federal control, is an action against the United States. Whalen Paper & Pulp Mills v. Davis, 228 Fed. 438.

This suit is of such character as to authorize the action against the Federal Agent, under the provisions of the Transportation Act, 1920, and the district court of Oklahoma county had jurisdiction to hear and determine such cause. It is conceded that process was regularly served on the service agent of the C., R. I. & P. R. R. and that the court acquired jurisdiction of the defendant, the Federal Agent, in so far as the cause of action concerned the operation of the C., R. I. & P. R. R.; but it is contended that inasmuch as process was not served on the service agent or any officer of the C,. R. I. & G. Railroad, that the court acquired no jurisdiction of the defendant as far as the plaintiffs' cause of action concerned the operation of the C., R. I. & G. Railroad. This position is not tenable, for this is not an action against these several roads but is an action against the Federal Agent. Jurisdiction was acquired over the Federal Agent as to the entire cause of action when process was served on the service agent of the C., R. I. & P. Railroad. Certainly it would not be necessary to procure service on the service agents or officers of all the railroads over which a shipment was made in order to procure service on the Federal Agent and give the court jurisdiction of the cause.

The defendant assigns as error the giving of certain instructions and the refusing to give certain other instructions requested by the defendant. These instructions, for the most part, refer to and deal with the alleged relationship existing between the C., R. I. & P. and the C., R. I. & G. Railroads.

As heretofore indicated, it is immaterial as to the relationship existing between these roads, and these instructions complained of merely placed an additional burden upon the plaintiffs and were not prejudicial to the rights of the defendant. No complaint is made as to the amount of damages awarded by the jury and the question of negligence and the measure of damages seem to have been properly submitted by the court in the instructions given, and the error of the court, in giving the instructions complained of and in refusing to give the instructions requested by the defendant, does not affect the substantial rights of the defendant, and the same is harmless error, and will not be considered by this court. Section 2822, Comp. Stat. 1921.

The judgment of the trial court is, therefore, affirmed.

By the Court: It is ordered.