DAVIS, AGENT *v.* ALEXANDER ET AL.

CERTIORARI TO THE SUPREME COURT OF OKLAHOMA.

No. 32. Argued October 12, 1925.—Decided November 16, 1925.

1. The Director General of Railroads was not suable generally as operator of all railroads under federal control, but only with reference to the particular transportation system or carrier out of

whose operations the liability in question arose. *Davis* v. *Donovan,* 265 U. S. 257. P. 116.

2. Where one railroad company actually controlled another and operated both as a single system, and the Director General, after taking them over, pursued the same practice, damages to freight shipped over the system during federal control and occurring on the subsidiary line, are recoverable in an action against the Federal Agent when sued and served as in charge of the dominant carrier. P. 117.

93 Okla. 159, affirmed.

CERTIORARI to a judgment of the Supreme Court of Oklahoma, which affirmed a recovery of damages for negligent injury to live stock, in an action against the Agent appointed under § 206a of the Transportation Act, 1920.

*Mr. William F. Collins,* with whom *Messrs. C. O. Blake* and *W. R. Bleakmore* were on the brief, for petitioner.

*Mr. Fred E. Suits,* with whom *Mr. C. E. Hall* was on the brief, for respondents.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Cattle shipped during federal control over the Chicago, Rock Island and Pacific System from stations in New Mexico through Texas to Oklahoma City were negligently injured in transit. To recover the damages suffered this suit was brought in a state court of Oklahoma against James C. Davis, as Agent designated by the President, pursuant to § 206a of Transportation Act, 1920, February 28, 1920, c. 91, 41 Stat. 456, 461. The injury was inflicted partly in New Mexico, partly in Texas, and partly in Oklahoma. The main controversy was whether plaintiffs could recover for the injury suffered in Texas. The jury returned a verdict for the entire damages. Judgment entered thereon was affirmed by the highest court of the

State.   93 Okla. 159.   A petition for a writ of certiorari was granted under § 237 of the Judicial Code as amended. 265 U. S. 577.

The lines of the Rock Island in Texas were owned by a subsidiary—the Chicago, Rock Island and Gulf Railway Company, a Texas corporation.   The petition described Davis as Agent, United States Railroad Administration, in charge of Chicago, Rock Island and Pacific Railroad and Chicago, Rock Island and Gulf Railroad.   In the trial court it was assumed that effective service of the summons pursuant to § 206b was made only upon Davis as Agent in charge of the Pacific.   There, the shippers sought to recover against him as such on the ground that the transportation service undertaken was for the system; that, under federal control as before, the Pacific was the dominant carrier and operated, either alone or jointly with the Gulf, the whole system, including the Gulf lines; and that recovery for all damages suffered could, therefore, be had against Davis as Agent in charge of the Pacific.   The defendant insisted that the Director General had operated the Pacific and the Gulf, not as parts of a single system, but as individual and distinct entities.   The shippers introduced substantial evidence in support of their allegations.   The case was submitted to the jury under instructions which made it clear that the verdict must be limited to the damage suffered on lines owned by the Pacific, unless the jury should find that the Gulf lines were being operated with the other Rock Island lines as parts of a single system.

To these instructions exceptions were duly taken, but the Supreme Court of Oklahoma deemed it unnecessary to pass upon their correctness.   It affirmed the judgment on the ground that the Director General operated all the railroads of which the President took control as a single national system, not as separate companies or systems; that the Director General was liable in damages for

negligent operation regardless of the relation of the different lines to one another; and that under section 206*b* service of process on the service agent for any railroad gave jurisdiction over the Agent of the President in respect to all railroads under federal control in the operation of which the damages complained of resulted. Its opinion was delivered November 6, 1923. Later, this Court held in *Davis* v. *Donovan*, 265 U. S. 257, that under § 10 of the Federal Control Act and General Order 50-A the Director General was not suable generally as the operator of all the railroads, but only with reference to the particular transportation system or carrier out of whose operations the liability in question arose. The rule declared in the *Donovan* case has been applied in suits brought under Transportation Act, 1920, against the Agent of the President on causes of action arising during federal control. *Manbar Coal Co.* v. *Davis*, 297 Fed. 24. The Supreme Court of Oklahoma reached the same conclusion in *Davis, Federal Agent* v. *Benson*, 105 Okla. 41, overruling its decision in the case at bar.

While the ground on which the Supreme Court of Oklahoma rested its decision was thus unsound, the judgment of affirmance was right. Where one railroad company actually controls another and operates both as a single system, the dominant company will be liable for injuries due to the negligence of the subsidiary company. *Lehigh Valley R. Co.* v. *Dupont*, 128 Fed. 840; *Lehigh Valley R. Co.* v. *Delachesa*, 145 Fed. 617; *Wichita Falls & Northwestern Ry Co.* v. *Puckett*, 53 Okla. 463. There was no error in the instructions excepted to.

*Affirmed.*