## MAS v. NU-GRAPE CO. OF AMERICA
### (two cases).

### Nos. 3284, 3285.

Circuit Court of Appeals, Fourth Circuit.
Nov. 30, 1932.

Aubrey E. Strode, of Lynchburg, Va. (Strode & Edmunds, of Lynchburg, Va., on the brief), for appellant.

Arthur M. Hood, of Indianapolis, Ind. (S. H. Williams, of Lynchburg, Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

These are appeals from an order entered in the District Court of the United States granting appellee's motion to quash the writ of subpœna and dismiss appellee, a defendant below.

The cases were heard together below, and the sole question presented is whether proper service was had upon the defendant appellee, under section 48, Act of March 3, 1911, 36 Stat. 1100 (28 USCA § 109), which reads as follows:

Sec. 48. "In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business.

If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

The appellant, who was plaintiff below, brought these suits alleging infringement of certain design letters patent by the defendants, and prayed for an injunction, accounting, and assessment and recovery of damages.

The return of service on appellee is as follows: "Further executed this writ at Lynchburg, Va., on the above named date by delivering an attested office copy hereof together with a copy of the bill of complaint to Sanford I. Lewis for the Nu-Grape Co. of America, being unable to find an agent of the said Nu-Grape Co. of America, being informed by Sanford I. Lewis that the Mavis Bottling Co. of Virginia handles the products of the said Nu-Grape Co. of America."

The appellee, appearing specially, filed a motion to quash, supported by affidavits, alleging, among other things, that it had no regular and established place of business in the Western district of Virginia, was not a citizen or inhabitant thereof, and that no person therein was authorized to accept service for it, and that it was an inhabitant of and had a regular and established place of business in Atlanta, Ga.

At the hearing on the motion, evidence was taken before the judge below, who entered an order sustaining the motion to quash, from which action this appeal was brought.

The Nu-Grape Company is a Georgia corporation engaged in the manufacture of flavoring concentrate syrup, in itself unfit as a beverage, which it sold to various authorized bottlers and beverage dispensers throughout the United States, who dilute it with other ingredients, mainly carbonated water and plain syrup, in accordance with agreements entered into with the appellee or Nu-Grape Company of Delaware, or Nu-Icy of Delaware, Inc. There is also a Nu-Grape Company of Delaware, a Delaware corporation that has acquired from the Georgia corporation the exclusive right to sell the beverage known as Nu-Grape in a number of states, including the state of Virginia.

The Delaware corporation also developed a line of beverages which are sold under the trade-name of Nu-Icy, and another corporation was formed with exclusive sale rights on the Nu-Icy beverages. This corporation was known as Nu-Icy, Inc.

Nu-Icy, Inc., granted to Nu-Grape Company of Delaware the exclusive right to sell Nu-Icy flavors in certain territory, including the state of Virginia. Later Nu-Grape Company of America (appellee) purchased all the stock of the Nu-Grape Company of Delaware.

The Mavis Bottling Company of America was in control of various bottling plant corporations which were engaged in purveying a bottled carbonated beverage, and one of its subsidiaries was the Mavis Bottling Company of Virginia.

In March, 1930, appellee purchased from the Mavis Bottling Company of America all of the capital stock in some fourteen or fifteen independent bottling plant corporations, one of which was the said Mavis Bottling Company of Virginia, a defendant joined with appellee in one of these suits. The Mavis Bottling Company of Virginia is engaged in selling bottled beverages, and handles Nu-Icy drinks. It was the bottles used by the Mavis Company of Virginia that were claimed to infringe on plaintiff's design patent, and it was claimed that appellee required the Mavis Company to use this particular design of bottle.

The Nu-Grape Company of America, the Georgia corporation, owned all stock of the Mavis Bottling Company of Virginia, and the two companies had practically the same directorate. The general manager and treasurer of the Mavis Company was also treasurer of the Nu-Grape Company, and from the head office of the latter company in Atlanta, Ga., directed the operations of a large number of subsidiary companies, including the Mavis Company of Virginia.

The Mavis Company of Virginia had a branch in Lynchburg, Va., of which branch Sanford I. Lewis, upon whom service was had as agent or representative of appellee, was district manager. The place of business in Lynchburg has displayed a sign reading "The Home of Nu-Icy," a trade-mark registered in the Patent Office by appellee.

It is contended on behalf of appellant that, because of this maze of stock ownership, with interlocking directorates and common management, and because of the direction of all of the operations of the Mavis Company from the home office of the appellee at Atlanta, the place of business of the Mavis Company at Lynchburg was "a regular and established place of business" of ap-

pellee within the meaning of the statute, and that therefore the service was good as service on the appellee.

The learned judge below made the following findings of fact and conclusion of law:

### "Findings of Fact.

"1. The Nu-Grape Company is a corporation created under the laws of Delaware.

"2. The Mavis Bottling Company of Virginia (a Delaware corporation) is an actual corporation, all of the capital stock of which belongs to the Nu-Grape Company of America. Possibly all, and certainly four of the five, directors of the Mavis Company are directors of the Nu-Grape Company. The Nu-Grape Company dominates and controls the actions of the Mavis Company.

"3. The place of business at No. 1223 Church St., Lynchburg, Va. has been at least ostensibly the place of business of the Mavis Company, and not that of the Nu-Grape Company.

"4. In some of the communications between some of the executive officers of the Nu-Grape Company and the local manager of the Mavis Company, the corporate separation of the two companies has not been strictly observed; but evidence of purposed and duly authorized non-observance is lacking.

### "Conclusion of Law.

"The place of business above referred to is not, within the meaning of title 28 U. S. Code, section 109 a regular and established place of business of the Nu-Grape Company of America.

"It is there adjudged, ordered and decreed:

"(1) that the return of service of the subpœna in respect to the Nu-Grape Company of America be, and it is, hereby quashed;

"(2) that the defendant be, and it is, hereby dismissed and authorized to go hence without day;

"(3) that the said defendant have and recover of and from the plaintiff its taxable costs in this behalf expended."

■ While it is true that equity will look through the form to the substance, it by no means follows that corporate entities can always be disregarded, and only when the circumstances justify it will the courts ignore them. Majestic Co. v. Orpheum (C. C. A.) 21 F.(2d) 720.

■ Nor does the fact that all the stock of the Mavis Company was owned by appellee make them legally one and the same. As we said in Cleveland Trust Co. v. C. G., E. L. & P. Co., 55 F.(2d) 211, 215:

"The fact that the entire stock in the power and the terminal companies was owned by the railroad company does not in the least affect this fact. For a discussion of this question involving as it does the difference between a corporation and its stockholders or its sole stockholder and between shares of stock and the property of a corporation, see Davis v. Alexander, 269 U. S. 114, 46 S. Ct. 34, 70 L. Ed. 186; Joseph R. Foard Co. v. State of Maryland (C. C. A.) 219 F. 827; State of Maryland v. General Stevedoring Co. (D. C.) 213 F. 51; Baltimore Transit Co. v. Swindell, 132 Md. 274, 103 A. 566; Northern Securities Co. v. United States, 193 U. S. 197, 24 S. Ct. 436, 48 L. Ed. 679; United States v. Reading Co., 253 U. S. 26, 40 S. Ct. 425, 64 L. Ed. 760."

See, also, Ballantine on Private Corporation, 26, 27, 33, 34, 36 and 37; Cutler-Hammer v. Curtis (C. C. A.) 296 F. 117; People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 235, 62 L. Ed. 587, Ann. Cas. 1918C, 537; Peterson v. Chicago, R. I. & P. R. Co., 205 U. S. 364, 27 S. Ct. 513, 51 L. Ed. 841; Conley v. Mathieson, 190 U. S. 406, 23 S. Ct. 728, 47 L. Ed. 1113; Selbert v. Lancaster (C. C. A.) 23 F.(2d) 233.

A leading case on this question is Cannon Mfg. Co. v. Cudahy Packing Co., 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634. In People's Tobacco Co. v. American Tobacco Co., supra, the court said:

"The fact that the company owned stock in the local subsidiary companies did not bring it into the State in the sense of transacting its own business there. * * * As to the continued practice of advertising its wares in Louisiana, and sending its soliciting agents into that State, as above detailed, the agents having no authority beyond solicitation, we think the previous decisions of this court have settled the law to be that such practices did not amount to that doing of business which subjects the corporation to the local jurisdiction for the purpose of service of process upon it."

■ There can be no question that appellee could not be held liable on a contract executed by the Mavis Company in its (the Mavis Company's) own name, and we do not think the proven circumstances justify the conclusion that the place of business of the Mavis Company in Lynchburg, was a "regular and established place of business" of appellee within the meaning of the statute.

The place of business of an agency, even though handling only the goods of one corporation, and the place of business of a distributor, having an exclusive right to handle the product of a manufacturer in a specified territory, have been held not to constitute such a place of business.

"Where an automobile manufacturer had a contract with a distributor which gave the distributor the exclusive right to sell cars in a specified territory at certain fixed prices, the distributor agreeing to confine its sales to designated territory and to keep on hand authorized repair parts to be sold at specified prices and the distributor agreed to pay half of advertising done by the manufacturer and to deal exclusively in the manufacturer's product, and there was nothing in the contract which conferred upon the distributor any power to deal with a third party as to bind the manufacturer, the manufacturer did not have a regular established place of business in the district of distributor. The fact that the distributor is designated in the telephone directory as a "sales agency" of the manufacturer' does not establish the relation of principal and agent between the parties." Rosenbluth v. Hudson (D. C.) 265 F. 680. See, also, Winterbottom v. Casey (D. C.) 283 F. 518; Zimmers v. Dodge Brothers (D. C.) 21 F.(2d) 152.

■ The right given by the statute is an unusual one not to be enlarged by construction.

"In a few classes of cases, a carefully limited right to sue elsewhere has been given. In patent cases it is the district of which the defendant is an inhabitant or in which acts of infringement have been committed and the defendant has a regular and established place of business." Lumiere v. Wilder, 261 U. S. 174, 43 S. Ct. 312, 313, 67 L. Ed. 596. See, also, W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U. S. 723, 35 S. Ct. 458, 59 L. Ed. 808; Root v. Samuel Cupples Envelope Co. (D. C.) 36 F.(2d) 405.

Counsel for appellant rely on Henderson v. Richardson, 25 F.(2d) 225, where this court passed on a related question under this statute. In that case, which was remanded because of the insufficiency of the proof offered by the defendant corporation, Judge Parker, after discussing the question from many angles, held, that if the party upon whom service was made was in fact a mere purchaser of products and supplies from the defendant company and was not an agent maintaining a place of business for it in the district, the return of service of subpœna should be quashed, and the suit should be dismissed.

Giving to the findings of fact of the judge below that weight to which they are entitled and considering the circumstances in the light most favorable to the appellant, we are still of the opinion that the action of the judge below was right, and the orders appealed from are accordingly affirmed.