**DUFFY (MILLER et al., Interveners) v. TREIDE et al.**

**No. 3739.**

Circuit Court of Appeals, Fourth Circuit.

Jan. 19, 1935.

by the receivers of the Davison Chemical Company against the Silica Gel Corporation also in receivership. The claim consisted of advances of money, including interest, by the Davison Company for carrying on and developing the business of the Gel Corporation and exploiting patents owned by it. The receivership of both companies was decreed in the court below, and certain phases of the Gel Corporation receivership have been before this court. Miller et al. v. Pyrites Co., Inc., et al. (C. C. A.) 71 F.(2d) 804.

The Davison Company has, for a long time, been engaged principally in the fertilizer business, at Baltimore, Md., and in that business had many subsidiary corporations. In the year 1918 Ernest B. Miller, one of the appellants, together with certain other parties, obtained patents for Silica Gel and the process for making it and another patent for a method and apparatus for separating vapors and gases. The said Miller was vice president of the Davison Company, and his brother C. Wilbur Miller was president. The plant and facilities of the Davison Company were used in experimental work in the development of these patents. Subsequently many more patents were obtained for improvements or accessories.

In the years 1918, 1920, and 1921 the patentees entered into a series of contracts with the Davison Company for the exploitation of their patents. These contracts provided, among other things, for the formation of a company to promote Silica Gel, and it was agreed that the Davison Company should cause a corporation to be formed, to which corporation the patents were to be transferred, and that the Davison Company should, if it so wished, from time to time make certain advances to the new company, said advances to be used as working capital and for carrying on the business of Silica Gel. The Silica Gel Corporation was formed, and a part of the stock in the company was issued to the Davison Company. At the time of the receivership of the Silica Gel, both companies carried on their books accounts showing that the Davison Company had a claim against the Silica Gel Corporation for a large sum made up of various advances, and the receivers of the Davison Company filed a claim against the Silica Gel for the above-mentioned sum of $3,849,705.46.

Appellee Hockley being one of the receivers of both the Davison and Silica Gel Companies, the judge below appointed ap-

Edward J. Colgan, Jr., of Baltimore, Md., and William Burnet Wright, of Washington, D. C. (Karr & Colgan and Lester H. Crowther, all of Baltimore, Md., on the brief), for appellants.

G. Ridgely Sappington, of Baltimore, Md. (Wilson K. Barnes, of Baltimore, Md., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and WAY, District Judge.

NORTHCOTT, Circuit Judge.

This is an appeal from a decree entered in the District Court of the United States for the District of Maryland, allowing $3,615,107.98, on a claim of $3,849,705.46, filed

pellant former Judge Henry Duffy as special receiver of the Silica Gel Corporation for the particular purpose of defending against the allowance of the Davison Company's claim on behalf of the stockholders and creditors of Silica Gel. Appellants C. Wilbur Miller, Ernest B. Miller, O. E. Merrell, and Edwin H. Brown, interveners in the Silica Gel receivership suit, also contested the claim of the Davison Company.

The court below disallowed certain interest charges included in the account of the Davison Company, but entered a decree allowing the claim in the amount of $3,615,-107.98, from which decree this appeal was brought.

In a well-considered opinion the judge below states, in full detail, all the various facts connected with the transaction between the two companies, and we do not deem it necessary to repeat these details here.

It is contended on behalf of the appellants that the advances by the Davison Company were not to be repaid except out of earnings or when the Gel Corporation was financially able to pay, were more in the nature of investments made in the Silica Gel Corporation, and did not constitute ordinary debts, that the various written contracts and resolutions of the directors and executive committee of the company were varied by certain parol agreements, and that, even should the claim of the Davison Company be allowed as against the Silica Gel Corporation, the relationship between the two companies was such that the claim should be subordinated to other claims against the Silica Gel Corporation.

With regard to the contention that the advances made by the Davison Company were advances in the nature of investments, we agree with the reasoning and conclusion of the judge below that the written contracts, the resolutions of the board of directors, of the Davison Company, and all the attendant circumstances, make it clear that the two companies did not consider the money advanced to be an investment in the Silica Gel Corporation. The corporations were two separate entities, and, while under certain circumstances corporate identity will be ignored, there are no circumstances here that justify the application of that rule. We have discussed this point in a number of cases. The Willem Van Driel, Sr. (C. C. A.) 252 F. 35; Joseph R. Foard Co. v. State of Maryland (C. C. A.) 219 F. 827; Mas v. Nu-Grape Co. (C. C. A.) 62 F.(2d) 113;

Hamilton Ridge Lumber Sales Corporation v. Wilson (C. C. A.) 25 F.(2d) 592; Cleveland Trust Co. v. Consolidated Gas, Electric Light & Power Company (C. C. A.) 55 F.(2d) 211; Luckenbach Steamship Co. v. W. R. Grace & Co. (C. C. A.) 267 F. 676, certiorari denied, 254 U. S. 644, 41 S. Ct. 14, 65 L. Ed. 454.

One of the circumstances strongly supporting the conclusion of the judge below was the way in which the accounts between the two corporations were carried on the books of both. The total of the advances made by the Davison Company, at various times, was more than $9,700,000, while the credits amounted to more than $5,800,000. The amount of the charge against the Silica Gel Corporation, on the books of the Davison Company, varied from time to time. In the year 1922 the account was $319,664.90, and on June 30, 1928, was as low as $83,-855.53. Certainly had these advances been investments they would not have been repaid in this manner.

In the income tax returns filed by both companies throughout the whole period of the transaction, many of which returns were sworn to by appellant C. Wilbur Miller, the amount due from Silica Gel to the Davison Company was carried as an asset of the Davison Company under accounts receivable.

The Silica Gel operated always at a loss, but those interested in it thought it had great possibilities because of the value of the patents and the product made under them. The business was continued with the hope of great profit, and it is urged that, because certain transactions in the stock of Silica Gel by the Davison Company netted the Davison Company a profit, it should not be allowed to collect its debt. We cannot see how the fact that the Davison Company handled the stock of the Silica Gel profitably could affect the question as to whether the advances were debts. The real controversy here is not between the Davison Company and the Silica Gel Corporation or the creditors of Silica Gel but between the creditors of the Davison Company and the creditors of Silica Gel. As in the case of a failed bank, the real parties at interest are the depositors of the bank and not the corporation itself, so here the creditors of the Davison Company are the parties at interest. The written contracts, the accounts kept in the books, the statements issued by the Davison Company, carrying the Silica Gel balance due as an asset, the resolutions of the boards of directors of the two companies, all show conclu-

20

sively that the advances were regarded as a debt.

■ It was endeavored by parol testimony to show that the terms of the written contracts and the resolutions of the board of directors were varied and changed. The judge below properly held that this testimony was inadmissible to the extent that it tended to contradict the written contracts and the written minutes of the actions of the directors. Denver & R. G. R. R. v. Arizona & Col. R. R., 233 U. S. 601, 34 S. Ct. 691, 58 L. Ed. 1111.

■ On the point that the advances in question were only to be repaid out of the earnings of the Silica Gel Corporation or when convenient, we agree with the reasoning of the judge below who discusses that question at length and reaches the conclusion that the advances were not to be so regarded. Even if, as between the two corporations, it should be held that the arrangement was to be so considered, there must be an end to the arrangement at some period of time, and, as we have said, the issue is now between the creditors of the Davison Company and the Gel Corporation. The debt, if a proper asset of Davison Company, is the property of the creditors, not the property of the company.

■ As to the contention that the claim of the Davison Company should be subordinated to the claims of the other creditors of the Silica Gel, we again agree with the judge below that upon the facts here proven subordination could not be based. The Davison Company was a stockholder to the extent of only 17 per cent. of Silica Gel stock, and no fraud or injury by the Davison Company is shown with respect to the other creditors. To justify subordination of the Davison Company claim to the claims of the other creditors of Silica Gel, it would be necessary to show, not only largely dominant stock ownership in Silica Gel by the Davison Company, but also there must appear elements of fraud and estoppel with respect to the outside creditors. Gray Corporation v. Meehan (C. C. A.) 54 F.(2d) 223; Clere Clothing Co. v. Union Trust & Savings Bank (C. C. A.) 224 F. 363; B. & O. Tel. Co. v. Interstate Tel. Co. (C. C. A.) 54 F. 50; Finn v. Mickle Lumber Co. (C. C. A.) 41 F. (2d) 676; Martin v. Development Co. (C. C. A.) 240 F. 42; In re Watertown Paper Co. (C. C. A.) 169 F. 252; Peckett v. Wood (C. C. A.) 234 F. 833; Chicago, M. & St. P. Ry. v. Minneapolis Civic & Commerce Ass'n, 247

U. S. 490, 38 S. Ct. 553, 62 L. Ed. 1229; United States v. Reading Co., 253 U. S. 26, 40 S. Ct. 425, 64 L. Ed. 760.

There is no appeal from the refusal of the court to allow certain interest charges on the debt of the Davison Company, and the action of the judge was proper. Giving to the findings of the judge below that weight to which they are entitled, we are of the opinion that the decree entered was a proper one, and it is accordingly affirmed.