**CONRY v. BALTIMORE & O. R. CO.**
Civ. A. No. 6897.

United States District Court
W. D. Pennsylvania.

May 25, 1953.

Frederick G. Weir, Pittsburgh, Pa., for plaintiff.

Vincent M. Casey, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a retrial on a claim for damages based on negligence. The jury returned a verdict in favor of the plaintiff and against the defendant in the amount of $45,000.

In connection therewith interrogatories were submitted on the subject of negligence,

254

and all answers affirmed the guilt of defendant.[1]

Defendant has filed motions for judgment notwithstanding the verdict and a new trial.

Since this proceeding has been pending before the court for over five years, and the issues of law have been dealt with most exhaustively at the conclusion of the original trial upon similar motions, and were further reviewed and re-examined at pretrial conferences at the inception of and during the present proceeding, as well as by detailed opinion of the United States Court of Appeals for the Third Circuit, 195 F.2d 120, remanding the same for new trial, no useful purpose could be served by holding oral argument hereon. In order to expedite the business of this court, pursuant to Rule 78 of the Federal Rules of Civil Procedure, 28 U.S.C.A., I have directed that oral argument be waived and that the determination of said motions be made upon written briefs.

█ Plaintiff is a resident of Pennsylvania, and the defendant a Maryland corporation. The accident occurred in Pennsylvania. The Court must, therefore, apply the law of the state in which the action is brought, including such state's conflict of laws rules. Reference must, therefore, be made to the place of the tort for the legal effect to be given the facts and evidence. Moran v. Pittsburgh Des Moines Steel Co.,

3 Cir., 166 F.2d 908; Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Pennsylvania law, therefore, applies.

On the night of the accident, the plaintiff, as a pedestrian, was engaged in using the Ninth Street Crossing of said railroad in the Borough of Braddock, Allegheny County, Pennsylvania. His foot caught in a hole at about the middle of the sidewalk of said crossing, which caused him to fall and lose control of his normal faculties. Sometime thereafter he was struck by one of the trains of the defendant at a point approximately one hundred feet west of said crossing. Plaintiff was unable to offer any explanation as to how he became placed on the right of way of the defendant in the position that he was located at the time of his injuries.

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, 28 U.S.C.A., defendant submitted motion for directed verdict during trial, and motion for judgment notwithstanding the verdict after trial.

Motion for Judgment N. O. V.

One of the primary contentions which defendant posed was lack of federal jurisdiction. Federal jurisdiction was based solely on diversity of citizenship. The action was premised on the theory that the Baltimore and Ohio Railroad Company of Maryland was legally responsible for the negligence alleged.

1. "Interrogatories

"I. Did the defendant, Baltimore and Ohio Railroad Company, a Maryland corporation, have a duty to maintain the Ninth Street Crossing in the Borough of Braddock on August 8, 1947?

"Answer: Yes _x_ No ____

"If the answer to Question I is 'Yes', answer Question II.

"II. Was the defendant, Baltimore and Ohio Railroad Company, a Maryland corporation, guilty of negligence in its maintenance of the Ninth Street Crossing in the Borough of Braddock on August 8, 1947?

"Answer: Yes _x_ No ____

"If the answer to Question II is 'Yes', answer the following:

"Was the negligence of the defendant, Baltimore and Ohio Railroad Company, a Maryland corporation, in the maintenance

of the Ninth Street Crossing in the Borough of Braddock the proximate cause of the accident to John Conry on August 8, 1947?

"Answer: Yes _x_ No ____

"Without any consideration being given to the question of negligence or lack of negligence in the maintenance of the Ninth Street Crossing, answer the following:

"Was the defendant, Baltimore and Ohio Railroad Company, a Maryland corporation, guilty of negligence in striking the plaintiff, John Conry, when he was lying on the right-of-way of the Railroad?

"Answer: Yes _x_ No ____

"Was the plaintiff, John Conry, guilty of contributory negligence which was a proximate cause of the accident?

"Answer: Yes ____ No _no_ "

One of the theories which plaintiff advanced alleged the failure of the Baltimore and Ohio Railroad Corporation of Maryland to properly maintain the condition of the Ninth Street Crossing in the Borough of Braddock. Defendant countered with the contention not raised in the former trial that said crossing was owned by the Baltimore and Ohio Railroad Corporation of Pennsylvania.

If defendant's contention were sustainable, and were the Baltimore and Ohio Railroad Corporation of Pennsylvania a distinct and separate operating corporation from the Baltimore and Ohio Railroad Corporation of Maryland, no diversity of citizenship would exist upon which to base federal jurisdiction.

■ In addition, throughout this proceeding the Court was cognizant of the rule of law that where one railroad company actually controls another and operates both as a single system, the dominant company will be liable for damages due to liability incurred by the subsidiary company. Davis, Agent v. Alexander, 269 U.S. 114, 46 S.Ct. 34, 70 L.Ed. 186; Erie R. Co. v. Krysienski, 2 Cir., 238 F. 142, 143, 145. This principle of law, subsequent to this trial, was given added emphasis in Southern Ry. Co. v. Crosby, 4 Cir., 201 F.2d 878, when the court specifically alluded to liability for injuries.

■ A crucial question had therefore arisen for both the court and jury as to the relationship existing between the two corporations. It was my judgment that neither plaintiff nor defendant had submitted evidence from which either the court or jury could adduce the nature of this relationship. Even upon the court acting on its own volition in subpoenaing the chief engineer of the Baltimore & Ohio Railroad, no additional information could be elicited which might clarify the issue. Wigmore on Evidence, Third Ed., § 2195.

In view of the indefiniteness of witnesses and in an effort to see that justice was done, I took judicial knowledge of the Act of Congress requiring carriers to file annual, periodical reports with the Interstate Commerce Commission, 49 U.S.C.A. § 20 et seq.

A certified copy of such report filed by the defendant for the period ending December 31, 1947, the period involved in this proceeding, was secured. The report, prepared by defendant, Baltimore and Ohio Railroad Corporation of Maryland, disclosed the Baltimore and Ohio Railroad Company of Pennsylvania to be a non-operating corporation, having no officers and issuing no stock. In chambers, and out of the presence of the jury, I made said report available to all counsel concerned, informing them that anyone would be free to introduce said report in evidence should he deem it advisable.

Defendant counsel immediately objected to what it termed the extrajudicial activities of the court, and in moving for a new trial repeats its objection on ground of prejudice.

■ I do not consider a court of justice a boxing ring to match competitive skills. Rather, I deem a court as a forum where all relevant facts, from which honest and impartial minds may deduce the truth, must be presented. Trick or artifice, concealment or subterfuge have no place in a court of justice.

Our Rules of Civil Procedure, or particularly the rules relating to interrogatories, admissions, and discovery, have channeled the policy of this court into the chartered vistas of complete and unequivocal disclosure.

A presiding judge would prove derelict in his duty to the fair and impartial administration of justice were he to countenance a proceeding which left questions for the determination of a jury upon which known, available and relevant information was not produced to assist them in their deliberations.

■ I am satisfied that this court conducted the trial of this case with a sense of strict impartiality and fairness. A hotly contested case, as this one proved to be, inevitably aroused comment of the court or counsel, which isolated from contest or devoid of the atmosphere or manner in which it was spoken may raise doubts of propriety. Nevertheless, no comment in this record. when taken in the proper perspective and

256

balance of the entire record could be deemed to have improperly influenced the jury, nor was any comment intended or calculated to do so. Goldstein v. United States, 8 Cir., 63 F.2d 609; Throckmorton v. St. Louis-San Francisco Ry. Co., 8 Cir., 179 F.2d 165.

■ Considered as a whole, without isolating or separating portions of the record, I feel that the record fairly and adequately presented the issues to the jury for its determination. Van Camp Sea Food Co. v. Nordyke, 9 Cir., 140 F.2d 902, certiorari denied 322 U.S. 760, 64 S.Ct. 1278, 88 L.Ed. 1587; Commonwealth v. Cargill, 357 Pa. 510, 55 A.2d 373.

■ On motion for judgment notwithstanding the verdict, the problem resolves itself into whether under all the evidence the reasonable inferences drawn therefrom, considered in the light most favorable to the plaintiff, does a right to recover exist? Marsh v. Illinois Central R. R. Company, 5 Cir., 175 F.2d 498.

The jury having found the issues in favor of the plaintiff, the court must take that view of the evidence most favorable to him and the court must assume that the jury found in his favor all facts which the evidence reasonably tended to prove. Meyonberg v. Penna. R. R. Co., 3 Cir., 165 F.2d 50; Williams v. Reading Co., 3 Cir., 175 F.2d 32.

■ Courts are not free to reweigh the evidence and set aside the jury verdict because the jury could have drawn different inferences or conclusions, or because judges feel that other results are more reasonable. Masterson v. Pennsylvania R. R. Co., 3 Cir., 182 F.2d 793.

■ After viewing the evidence and all inferences reasonably to be drawn therefrom in a light most favorable to the plaintiff, it is my judgment as a matter of law, that under all the evidence a basis exists for which the law affords relief to the plaintiff.

### Motion for New Trial

■ Aside from defendant's allegation of prejudice in motion for new trial, defendant presses the argument that the court erred in presenting two distinct and separate actions upon which plaintiff might be entitled to recover:

(1) Upon failure of the defendant railroad to maintain the Ninth Street Crossing in proper condition which was the proximate cause of the accident, and/or

(2) Upon failure to use ordinary and reasonable care to avoid injury to a trespasser after his presence has been ascertained.

The separate theories of recovery thus presented were in accordance with the mandate of this Circuit. Conry v. Baltimore & Ohio R. Co., 3 Cir., 195 F.2d 120.

■ Defendant contends that the court erred relative to its instruction on the duties owed by a possessor of land to a trespasser. The precise context of this phase of the charge was taken from Cheslock v. Pittsburgh R. Co., 363 Pa. 157, 69 A.2d 108; Frederick v. Philadelphia Rapid Transit Co., 337 Pa. 136, 10 A.2d 576; Green v. Reading Co., 3 Cir., 183 F.2d 716.

The law thus applied is further buttressed in Section 336 of the Restatement of Torts, which this Circuit has acknowledged to be expressive of the Pennsylvania law. Conry v. Baltimore & Ohio R. Co., supra.

■ Even assuming that the court were in error on its instruction relative thereto, the verdict is sustainable on the alternative theory of negligence relating to the improper maintenance of the Ninth Street Crossing as specifically found in the jury's answer to Interrogatory No. II.

■ I can find no merit in defendant's further contention that no substantial evidence was developed to prove negligence on the part of defendant. A review of the record will show that the Ninth Street Crossing in the Borough of Braddock was used by the general public as a roadway for a long period of years; that testimony was introduced to show that numerous persons had crossed the tracks at the said crossing on the night of the accident; that a brakeman of defendant railroad admittedly had seen a "white object" when approximately 250 or 300 feet therefrom, and that the moving train could have been brought to a stop within 40 or 50 feet.

Under such circumstances the brakeman is not entitled to assume that the object is not a human being, but is required to keep the engine under control until he is certain that it is not such. Restatement of Torts, § 336, Comment (b) Illustration.

Defendant objects to this court's admission into evidence of the United States Life Tables and Actuarial Tables 1939–41, prepared by the Chief, National Office of Vital Statistics, Federal Security Agency, United States Public Health Service, in order to establish the potential life expectancy of plaintiff. The life tables were necessarily based on the 1940 census, as a similar publication by the Federal Security Agency based upon the 1950 census had not been compiled at time of trial.

■ Accredited life tables are admissible in actions for damages resulting in death or permanent impairment of earning power. In such a case the victim's expectancy of life is an important factor in the jury's calculations after it is determined that his injuries resulted solely from defendant's negligence, and after it is further determined that the injuries caused either his death or permanent impairment of his earning power. Littman v. Bell Tel. Co. of Pa., 315 Pa. 370, 172 A. 687.

■ Such a compilation of the Federal Security Agency is part of the "business" of said agency, and hence is admissible under the Federal statute relating to admissibility of records made in the regular course of business. 28 U.S.C.A. § 1732; Moran v. Pittsburgh Des Moines Steel Co., 3 Cir., 183 F.2d 467.

■ I can see no merit in defendant's assertion that the court erred on its instruction as to the duty of a railroad to maintain a public crossing. The principles of law enunciated in respect thereto were based verbatim upon the authority of the Supreme Court of Pennsylvania. Reed v. Allegheny County, 330 Pa. 300, 199 A. 187; Culver v. Lehigh Valley Transit Company, 322 Pa. 503, 186 A. 70.

■ The verdict of the jury should be set aside only if so grossly unreasonable as to shock the conscience of the court, or if it clearly manifests that the verdict was a result of mistake, caprice, prejudice or other improper motive, and not merely because the judge, had he tried the case without a jury, would have made a different award. Foresman v. Pepin, D.C., 71 F.Supp. 772, affirmed, 3 Cir., 161 F.2d 872.

■ I am satisfied that the award was commensurate with the degree of injury and disability evidenced in the record.

Motion for judgment notwithstanding the verdict and motion for new trial are refused.

An appropriate order is hereby entered.