**SISCO–HAMILTON CO., Plaintiff-Appellant,**

v.

**George W. LENNON, Trustee of Chicago Tunnel Terminal Corp., Defendant-Appellee.**

**No. 11755.**

United States Court of Appeals Seventh Circuit.

Jan. 18, 1957.

Rehearing Denied Feb. 12, 1957.

Robert A. Simon, Chicago, Ill., Morton C. Chesler, Chicago, Ill., for appellant.

Jay Stough, Elmer M. Leesman, Chicago, Ill., Emil N. Levin, Chicago, Ill., for appellee.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Seeking damages for destruction of its candy during storage in an underground freight tunnel system, plaintiff, Sisco-Hamilton Company brought this action against the defendant, Chicago Tunnel Terminal Corporation.[1] This latter corporation owns all the corporate stock in three Illinois corporations: Chicago Tunnel Company, Chicago Tunnel Terminal Company, and Chicago Tunnel Transport Company. All four corporations had identical officers and directors before, and when, plaintiff's candy was damaged. Defendant resists this claim saying it does not engage in the storing or hauling of merchandise, nor does it solicit business on behalf of its wholly-owned subsidiaries. The defense can be cast in still another form. Defendant contends plaintiff failed to establish a contractual relationship between itself and the parent, consequently proof of a duty owed by defendant is absent. When plaintiff rested its case, the trial judge dismissed the complaint.

Chicago Tunnel Transport Company picked up plaintiff's candy and it was delivered to the tunnels. A bill of lading issued marked Chicago Tunnel Terminal Company. This record supports plaintiff's case and allowance of the motion to dismiss the complaint was unwarranted.

The record demonstrates existence of four cognate corporations all geared to the activities of one another under the parent's control. Under this intimate relationship it would be unjust to fall back on sterile technicalities consisting only of identities of entities as the sole bar to recovery for negligence by one or more of the subsidiaries. Chicago, M. & St. P. Ry. Co. v. Minneapolis Civic & Commerce Ass'n, 1918, 247 U.S. 490, 38 S.Ct. 553, 62 L.Ed. 1229; Davis v. Alexander, 269 U.S. 114, 46 S.Ct. 34, 70 L.Ed. 186; Garden City Co. v. Burden, 10 Cir., 1951, 186 F.2d 651. The appeal presents a striking illustration of subsidiaries actively implementing each other in rendering services to the plaintiff. This parent corporation cannot sit back on its charter and avoid tort responsibility for its delinquent child.

The judgment appealed is reversed and remanded with directions to overrule defendant's motion to dismiss the complaint and proceed consistent with this opinion.

Reversed.

SCHNACKENBERG, Circuit Judge (concurring).

I concur in the result reached by Judge FINNEGAN, although not with all that is said in his opinion.

---

1. George W. Lennon, Trustee for the Chicago Terminal Corporation was substituted as defendant-appellee in lieu of Chicago Tunnel Terminal Corporation under our order of August 3, 1956.