**Thomas ELMER and Beverly Elmer, Plaintiffs,**

v.

**PFEIFER & SCHULTZ, INC., et al., Defendants.**

**PFEIFER & SCHULTZ, INC., Third-Party Plaintiff,**

v.

**FORT HOWARD PAPER CO. et al., Third-Party Defendants.**

No. 72-C-641.

United States District Court, E. D. Wisconsin.

June 11, 1973.

---

Frisch, Dudek, Slattery & Denny by William A. Denny, Milwaukee, Wis., for plaintiffs Elmer.

Niebler & Niebler, Menomonee Falls, Wis., for Pfeifer & Schultz.

Kivett & Kasdorf, Milwaukee, Wis., for Chicago Tube & Iron.

Ames, Riordan, Crivello & Sullivan, Milwaukee, Wis., for Valley Steel Products and Valley Industries.

Everson, Whitney, O'Melia, Everson & Brehm, Green Bay, Wis., for Fort Howard Paper Co.

Simarski, Goodrich, Brennan & Stack, Milwaukee, Wis., Edgarton & Hobbs, Fond Du Lac, Wis., for Vulcan Mfg. Co.

Denissen, Kranzush, Stodola & Mahoney, Green Bay, Wis., for Appleton Erecting Co.

Edgar E. Becker, Appleton, Wis., for Appleton Erecting Co.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Chicago Tube & Iron Company has moved for summary judgment with respect to the plaintiffs' complaint and two of the defendants' cross claims. It contends that it is not responsible for the alleged torts of its subsidiary, C. T. & I. Corporation of Wisconsin.

Chicago Tube & Iron Company, Inc. owns all the stock of C. T. & I. Corporation of Wisconsin, but it urges that the subsidiary has an independent existence and is not a mere instrumentality of the parent. The movant contends that in the absence of misrepresentation, it should not be held responsible for its subsidiary's torts.

The plaintiffs point out that Chicago Tube & Iron Co., Inc., through its own employees, was in control of the instant transaction. C. T. & I. Corporation of Wisconsin not only was completely owned by the parent, but the parent company handled the subsidiary's accounting books and records. In addition, it would appear that the subsidiary had only very limited formal corporate activity. Although created in November, 1968, C. T. & I. Corporation of Wisconsin did not hold separate stockholder or board of directors meetings.

I conclude that the circumstances warrant the denial of the defendant Chicago Tube & Iron Company's motion for summary judgment. The authorities for this view are set forth in Handlos v. Litton Industries, Inc., 326 F.Supp. 965 (E.D.Wis.1971). The plaintiffs' request for sanctions under Rule 56(g), Federal Rules of Civil Procedure, will not be granted.